## J. P. GOODWIN v. A. I. MORTSEN.

Decided April 9, 1910.

### 1.—Appeal—Insufficient Assignment of Error.

An assignment of error as follows: "The verdict of the jury is against the overwhelming preponderance of the evidence and is not supported by the evidence, but is manifestly the result of passion and prejudice on the part of the jury," is too general to require consideration by the appellate court.

### 2.—Contract—Partnership—Commissions.

Where the articles of a partnership formed for the purpose of selling land and stocks on commission, provided that the partners were to share equally all moneys received from such commissions, and that they were to receive a commission of a certain percent on all sales of the stock of a certain company, whether the same belonged to individuals or to said company, the partnership was entitled to commissions on the sale of stock in said company owned by one of the partners and sold or exchanged by him.

### 3.—Same—Exchange a Sale.

When stock in a company or corporation is disposed of at a fixed valuation, and other property is taken in payment at a fixed valuation, the transaction constitutes a sale within the meaning of an agreement to pay a commission on the sale of the stock.

### 4.—Burden of Proof—Charge.

In a suit between partners for division of profits, the court charged the jury as follows: "If you find from the evidence that there was no contract of partnership between plaintiff and defendant, then you will find for defendant." Held, not subject to the objection that it placed the burden of proof on the defendant, who denied the existence of the partnership.

### 5.—Same.

A charge was worded as follows: "The burden is upon the plaintiff to show by a preponderance of the testimony his right to recover," etc. Held, the expression "the burden" could mean nothing less than the burden of proof; and there being nothing in the case to make a distinction between testimony and evidence material, there was no error in the use of the former word instead of the latter.

Error from the District Court of Ward County. Tried below before Hon. S. J. Isaacks, Special Judge.

*W. W. Hubbard* and *R. V. Bowden,* for plaintiff in error.—There being no allegations in the petition that the plaintiff in error received any commission whatever from the alleged sale to Womack, the court's charge that the petition alleges that he "received a commission thereon amounting to $4,000" imports into the petition a material allegation which does not in fact appear therein and therefore submits to the jury a matter not within the scope of the pleadings; which constitutes reversible error. Fort Worth & D. C. Ry. Co. v. Measles, 81 Texas, 478; Neblett v. McGraw, 41 Texas Civ. App., 239; Dodd v. Arnold, 28 Texas, 100; Missouri Pac. Ry. Co. v. Platzer, 73 Texas, 117; Texas & P. Ry. Co. v. Avery, 33 S. W., 704; Galveston, H. & S. A. Ry. Co. v. Harris, 36 S. W., 776.

The court erred in paragraph three of its charge to the jury, in charging the jury that plaintiff could recover if it was found that

the terms of said partnership were that he was to receive one-half of all the commissions earned by said partnership for the reason that there was no allegation in the petition that the defendant would be liable for any commissions earned unless he actually received the money for it, the allegation in the plaintiff's petition being in the following language, "That they (plaintiff and defendant) were to divide all moneys received from such commissions equally," and it is nowhere alleged in said petition that the defendant would be liable to plaintiff for commissions earned merely, and not received. Island City Boating Assn. v. New York & T. Steamship Assn., 80 Texas, 379; Denham v. Trinity County Lumber Co., 73 Texas, 84; Gulf, C. & S. F. Ry. Co. v. Johnson, 91 Texas, 573; International & G. N. R. Co. v. Kuehn, 11 Texas Civ. App., 23; Clay County Land Co. v. Montague County, 8 Texas Civ. App., 577; Flint v. Hall, 4 Texas Civ. App., 404.

The court erred in instructing the jury that they would find for the plaintiff, if they found that the defendant sold any stock or real estate embraced in the terms of said partnership agreement and received therefor any commission, for the reason that the undisputed evidence shows an exchange only of stock for property, and that defendant did not make any sale of stock and never received any commission for said sale, and in nowise became liable to plaintiff for any commission. Walker v. Renfro, 26 Texas, 142; Thornton v. Moody, 24 S. W., 331; Wintz v. Morrison, 17 Texas, 373.

The rule is that plaintiff must establish his case by a preponderance of the evidence, and it is not sufficient to charge the jury that plaintiff must show by a preponderance of the testimony his right to recover, and the charge is therefore erroneous. Missouri Pac. Ry. Co. v. White, 80 Texas, 207; Wichita Land & Cattle Co. v. State, 80 Texas, 684; Gulf, C. & S. F. Ry. Co. v. Richards, 83 Texas, 208; Dwyer v. Bassett, 1 Texas Civ. App., 513; Anderson's Law Dictionary, "Evidence" and "Testimony."

*Hefner & Hudson,* for defendant in error.

SPEER, ASSOCIATE JUSTICE.—A. I. Mortsen filed this suit in the District Court of Ward County alleging that a partnership had been formed between himself and the defendant, J. P. Goodwin, for the purpose of selling lands and stocks on commission; that they were to divide all moneys received from such commissions equally, and were to be the sole and exclusive agents for the sale of stock of the Big Valley Irrigation Company, of which company defendant was the vice-president and general manager; that they were to receive a commission of ten percent on all stock of said company sold whether the same belonged to individuals or to said company; that the defendant during the existence of the partnership sold forty thousand dollars worth of stock of the Big Valley Irrigation Company belonging to himself, whereby he became liable to the plaintiff for one-half of the said ten percent commission. It was also alleged that the defendant received as commission the sum of four hundred and eighty dollars on account of a sale of land to one Raley. The

plaintiff prayed a judgment for two thousand two hundred and forty dollars. The defendant pleaded the general issue and denied the partnership. The case was tried before a jury resulting in a verdict and judgment for the plaintiff for the amount sued for and the defendant has prosecuted a writ of error.

Plaintiff in error's first assignment is: "The verdict of the jury is against the overwhelming preponderance of the evidence and is not supported by the evidence, but is manifestly the result of passion and prejudice on the part of the jury." Defendant in error objects to a consideration of this assignment on the ground that it is too general, and we must sustain the objection. See Rule 26 for the Courts of Civil Appeals.

In a number of assignments a point is sought to be made by plaintiff in error on the fact that defendant in error alleged in his petition that the commissions received by either member of the partnership were to be divided, and did not allege or prove that plaintiff in error had ever received any commissions on account of the sale of his Big Valley irrigation stock. It is perfectly apparent, however, if the partnership agreement was as alleged by defendant in error, that no further allegation or proof that plaintiff in error received commissions was necessary beyond the allegation and proof that he sold his stock and received pay for the same. Necessarily, under the facts of this case, if plaintiff in error received pay for his stock he also received the commissions. The contention, therefore, that plaintiff in error had not earned or received commissions amounts to nothing, since the real issue was whether or not the transaction was embraced in the partnership agreement.

Plaintiff in error further contends that the transaction involving the transfer of his stock was not a sale but only an exchange for other property and he was, therefore, not liable to defendant in error's suit. The plaintiff in error himself, however, in his testimony spoke of the transaction as a sale; the stock was disposed of at a fixed valuation and other property taken in payment at fixed valuations. This under the decisions would constitute a sale. Ullmann v. Land, 37 Texas Civ. App., 422 (84 S. W., 295).

It is insisted that the following paragraph of the court's charge placed the burden of proof on plaintiff in error: "If you find from the evidence that there was no contract of partnership between plaintiff and the defendant, then you will find for the defendant." We do not think so. It is a charge in favor of plaintiff in error and was certainly correct as far as it went. Besides, in another paragraph the jury were expressly told: "The burden is upon the plaintiff to show by a preponderance of the testimony his right to recover, and if he has failed so to do you will find for the defendant." But this paragraph is itself objected to, the plaintiff in error contending that instead of "the burden," the burden of proof should have been imposed on defendant in error, and that he should have been required to establish his case by a preponderance of the evidence instead of "a preponderance of the testimony." There is nothing in these contentions; "the burden" as used in the charge could mean nothing

less than the burden of proof, and there is nothing in the case to make a distinction between testimony and evidence material.

We find no error in the court's rulings on evidence since the matter excluded and complained of in the fourteenth and fifteenth assignments was in contradiction of matter brought out by plaintiff in error himself; and, besides, was on an undisputed issue, that is, that plaintiff in error was in need of money and borrowed from defendant in error four hundred and fifty dollars, for which he executed his due bill for one thousand dollars. While the evidence may appear to preponderate in favor of plaintiff in error as to the item of commissions on the Raley sale, still we can not say there is no evidence to support the verdict. The bookkeeper of the irrigation company testified that plaintiff in error was charged with this sum as commissions, and plaintiff in error himself admitted having received the money, though, as he testified, on another account.

We find no error, and accordingly affirm the judgment.

*Affirmed.*

Writ of error refused.