## HOSSFELD v. HOSSFELD.

### (Circuit Court of Appeals, Sixth Circuit.  June 6, 1911.)

#### No. 2,096.

HUSBAND AND WIFE (§ 335*)—ACTION FOR ALIENATION OF AFFECTIONS—PRESUMPTIONS AND BURDEN OF PROOF—ACTION AGAINST PARENT.

In an action by a wife against her husband's mother for alienation of his affections, where evidence was introduced by both parties on all substantial issues, an instruction to the jury that defendant had the right to advise her son in good faith and from proper parental regard, and that, if they found that she did interfere to induce him to separate from plaintiff, a clear case of want of justification on her part must be shown to warrant a recovery, was not erroneous, either as a statement of the law or as placing the burden of proof upon the issue on plaintiff; the presumption being in such case that defendant acted in good faith.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1126; Dec. Dig. § 335.*]

In Error to the Circuit Court of the United States for the Southern District of Ohio.

Action at law by Pearl Hossfeld against Ida Hossfeld.  Judgment for defendant, and plaintiff brings error.  Affirmed.

M. C. Lykins, for plaintiff in error.

Allen Andrews (M. O. Burns and Andrews, Harlan & Andrews, on the brief), for defendant in error.

Before SEVERENS and KNAPPEN, Circuit Judges, and DENISON, District Judge.

SEVERENS, Circuit Judge.  This was an action brought by the plaintiff to recover damages from the defendant for the alienation by her of the affections of her husband, Albert Hossfeld, who was a son of the defendant.  To reverse the judgment entered upon it, the plaintiff sued out this writ of error.

The evidence, which is contained in a bill of exceptions, tended to show that the conditions upon which the conduct of the defendant was to be judged were substantially these: The plaintiff had made her home at Covington, Ky.  She had been twice married before she married Albert Hossfeld.  By her first husband, who was dead, she had two children, who were living.  From her second husband she had been divorced.  In September, 1907, Hossfeld, who was resident and engaged in business at Hamilton, Ohio, met her at a house in Lexington, Ky.  Relations there commenced were continued for nearly a year, when on August 30, 1908, they were privately married.  The fact of the marriage was not for a time revealed to his mother, who was a widow, also living at Hamilton.  But in October following the son took the wife to Hamilton, intending to establish a home there, and introduced her to his mother as his wife.  The mother was greatly distressed and bewailed the marriage.  In a day or two after she had a private interview with her son.  What he disclosed to her does not appear.  But apparently enough was told to confirm her opposition.

At length the son put the wife away, announcing his intention to separate from her, and to give her $5,000, which she refused. A sister of the plaintiff intervened to induce the mother to withdraw her objections and to recognize the plaintiff as the wife of her son, but to no purpose. The mother's insistence was that the son's continuance of his relations to the plaintiff would be injurious to him and destructive of his family relations and of the mother's and his sister's happiness. Enough appears to justify the conclusion that the defendant's remonstrances with the son led to the separation from his wife.

The judge instructed with reference to the lawful privilege of a mother in such circumstances in a manner not now complained of, except in the particular presently to be noted. He said:

"The reciprocal relations of parent and child continue through life. There is a right, with proper limitations, of the parent to advise the child, and the right is to be protected the same as the right of husband and wife. So, as I say, if you should find from the evidence that the defendant did anything to bring about a separation of these two parties, the question is, Was that done with malice or from proper parental regard? The defendant had a right to advise her son, if she did so in good faith, within proper limitations and the proper motive and was not a mere intermeddler. A clear case of want of justification on her part should be shown, before you can return a verdict against her, if you should find that she did interfere to produce a separation between these people."

To the first paragraph there was no separate exception. Counsel for plaintiff, however, excepted "to so much of the charge as refers to want of justification." But the counsel excepted to the whole of the second paragraph, and the contention here made is that this second paragraph would lead the jury to understand that the burden of proving a want of justification rested upon the plaintiff, whereas, it is urged, it was a matter of defense and the burden rested upon the defendant. It is more than doubtful whether the exception taken was sufficient to indicate that it was leveled at any such objection as one resting upon the question of the burden of proof. It might fairly be said that the attention of the court was not called to the point which counsel now raise in support of this assignment of error. But, aside from this, we think the exception, even if it were construed to be as specific as is now claimed, could not be sustained. In a case where there is no evidence to support a material factor to the plaintiff's cause of action, or of the defendant's defense, the question of the burden of proof is often important, but when, as here, evidence has been given by both parties upon all the substantial facts in controversy, it is of little consequence by what witnesses, whether of the plaintiff or defendant, the evidence has been given. It is all before the jury for what it is worth, and the question upon whom the burden of proof rested is not of so much account as where there is an entire lack of evidence upon an essential fact. Moreover, there is a presumption of good faith on the part of the parent in such cases which would be sufficient to support the defense in the absence of proof to the contrary, and it would have been erroneous to have told the jury that the defendant must affirmatively have proven that she acted in good faith. The presumption of fact stood in the place of evidence. Hutcheson v. Peck, 5 Johns. (N. Y.) 196, Tucker v. Tucker, 74 Miss. 93, 19 South. 955, 32 L. R. A. 623,

Huling v. Huling, 32 Ill. App. 522, Rice v. Rice, 104 Mich. 371, 62 N. W. 833, and 21 Cyc. 1619, 1620, where the law on this subject is fully stated. The law differs in this respect from that in the case of an action against a stranger.

In this instance, when the case was finally submitted, the court said to the jury:

"If you should find that the mother in this case did interfere as between the son and his wife, and that the motive of such interference was not the protection and welfare of her son, but was wrongful or founded on hatred and ill will toward the plaintiff, then, if the separation was produced by such interference, the plaintiff is entitled to recover."

This instruction is not complained of, and we think it stated the alternative of the issue on which the plaintiff would be entitled to recover, in a manner which substantially fulfilled all legal requirements.

As this question of the burden of proof is the only one of any substantial consequence now pressed, we have no occasion to consider others.

The judgment must be affirmed, with costs.