## 9435

## DIAL v. GARDNER *ET AL.*

### (89 S. E. 396.)

1. TRESPASS—PLEADING—TITLE.—Where the complaint alleged plaintiff's title and a trespass by defendant, and defendant alleged that he had title, the allegations were not appropriate to an action in trespass *quare clausum fregit,* but to trespass to try title, before adoption of the Code.

2. INJUNCTION—To PREVENT TRESPASS ON LAND—RIGHT TO RELIEF.— Defendant's acts and threats of trespass, with injury to plaintiff through harassing her tenant and causing him to ask reduction in rent, entitle plaintiff to injunctive relief.

3. LANDLORD AND TENANT — LEASED PREMISES — INJURIES — RIGHTS OF LANDLORD.—In case of injuries to premises leased and in possession of the tenant, the landlord cannot maintain action for damages if the act affects merely the possession.

4. LANDLORD AND TENANT — LEASED PREMISES — INJURIES — RIGHTS OF LANDLORD.—The landlord, though the land is in possession of the tenant, may maintain action against a stranger or the tenant for injuries to the land which injuriously affect the reversionary interest, especially if there is a continuing trespass under claim of right which might ripen into adverse title, although before adoption of the Code *quare clausum fregit* was the appropriate action.

5. TRIAL — INSTRUCTIONS — PARTICULAR WORDS — "TESTIMONY" — "EVIDENCE."—There was no error in an instruction requiring her to establish special defenses by greater weight of testimony, when it was necessary to establish them only by greater weight of evidence; the two words being generally used interchangeably.

6. LANDLORD AND TENANT —LEASED PREMISES —EVIDENCE —TRESPASS — ACTIONS—BURDEN OF PROOF.—Where plaintiff's tenant was in possession, one who defended her action in damages for trespass, by claiming title, has the burden of proving such special defense by a preponderance of the evidence.

Before HON. C. J. RAMAGE, special Judge, Camden, Fall term, 1915.  Affirmed.

Action by Alice Dial against W. R. Gardner and another. Judgment for plaintiff, and defendants appeal.

The following statement of facts appears in the record :

"The plaintiff sues to recover judgment for an unlawful entry upon her tract of land by the defendant, W. R. Gardner. The plaintiff alleges and proves ownership and seisin in fee of a tract of land containing 800 acres, more or less. She also proved that, at the time the alleged trespasses were committed, one Ed Workman was in possession thereof, under a lease for five years from her. The defendants denied the material allegations of the complaint, and alleged that the defendant, Florence S. Gardner, was the owner of, and seized in fee of, a tract of land containing 350 acres, upon which the plaintiff has trespassed by cutting timbers thereon, and using and occupying the same for six years. The defendants offered evidence tending to prove the allegations of the answer, and that she was in the actual possession of the land claimed by her. The 800 acres of the plaintiff, and the 350 acres of the defendant, Florence S. Gardner, are adjoining tracts. , A strip of land containing about 18 acres was in dispute."

The complaint contains the following allegations :

"That during the first part of this year plaintiff's tenant plowed said 18 acres of land entirely over once, and the greater part thereof he plowed the second time and prepared same for planting, as plaintiff is informed and believes, and

---

FOOTNOTE.—As to right of landlord to maintain trespass *quare clausum fregit,* see notes in 30 L. R. A. (N. S.) 248; as to right of tenant to maintain such action, see *Ib.* 265; as to tenant's right to enjoin nuisance, see 3 L. R. A. (N. S.) 448; as to right of owner to recover damages to property from nuisance not of a permanent character, while in possession of tenant, see 3 L. R. A. (N. S.) 1060; liability of third person to landlord for injury to leased premises, see notes in 25 A. & E. Ann. Cas. 1912d, 12C

that he has been actually cultivating it for several years, just last passed, as the property of plaintiff.

"That recently, during the last month or six weeks, said defendant, W. R. Gardner, has trespassed upon the said 18 acres of land, more or less, on the eastern side of plaintiff's plantation, and has actually plowed a portion thereof and interfered with her tenants, and that he threatens to continue to trespass upon her said lands and interfere with her tenants and possessions, notwithstanding he has been notified to keep off of said property, and not to disturb the same nor plaintiff's tenants and possessions.

"That by reason of said acts of the defendant, W. R. Gardner, plaintiff's tenants are becoming demoralized and dissatisfied, and threaten to abandon her said plantation, and are asking for a reduction in rent. That said plaintiff has been damaged $800 by reason of said defendant's unlawful acts as aforesaid."

Dr. W. H. Dial, a witness for the plaintiff, testified as follows:

"Q. What other damages have you suffered? A. Damaged by this man (Gardner) actually taking possession of the land, being in possession something like two months, interfering with the lines. Q. What other damage have you suffered? A. The lines have been interfered with, been obliterated to a more or less extent. I suppose will have to make a resurvey to reshape the lines. Mr. Mills: Tell us whether or not the corners have been removed. A. I understood they had been. Q. You don't know whether any corner has been removed? A. I know of my own knowledge. * * * I noticed stakes across the land."

At the conclusion of the plaintiff's testimony, the defendant made a motion for a nonsuit, on the following ground:

"The real party in interest is not suing; the real party in interest is the tenant. The land being in possession of the tenant, and the tenant having estate for years, he is the proper party to bring the action for trespass, when said tres-

pass does not damage the inheritance or any interest of the 'landlord."

The jury rendered a verdict in favor of the plaintiff for $1, and the defendant appealed.

*Mr. B. B. Clarke,* for appellant, cites : *As to right of land-lord to maintain action for damages against one invading his tenant's possession:* 1 Hill 260; 25 A. & E. Ann. Cas. 120. *As to confusion in charge with reference to testimony and evidence:* Black's Law Dictionary, pp. 1167 and 441; Greenleaf Ev., c. 1, sec. 1; 1 Starkie Ev., pt. 1, sec. 3; 60 Ind. 157.

*Messrs. L. T. Mills* and *Dial & Todd,* for appellants. The latter cite : *As to nonsuits:* 45 S. C. 46; 46 S. C. 104; 81 S. C. 459; 100 S. C. 449; 102 S. C. 74. *Right of action:* 18 S. C. 551. *Nonsuit here would have been improper:* 1 Strob. 78; 63 S. C. 162; 12 Rich. 200; 13 Rich. 172; 42 S. C. 138; 70 S. C. 373; 71 S. C. 327.

July 3, 1916.

The opinion, reciting the above statement of facts, was delivered by MR. CHIEF JUSTICE GARY.

Before proceeding to consider the exceptions, we will determine what issues are raised by the pleadings. The complaint alleges that the ·plaintiff is the owner in fee of the land in dispute, and the answer alleges title in Mrs. 1, 2  Florence S. Gardner. These allegations would not have been appropriate to an action of *quare clausum fregit,* under the rules of pleading, prevailing before the adoption of the Code, but to the old action of trespass to try title, which put the title in issue. The complaint also alleges that the defendant, W. R. Gardner, is interfering with the plaintiff's tenants, by causing them to become demoralized and dissatisfied; that they are threatening to abandon her

said plantation, and are asking a reduction in rent. The complaint also alleges such facts as show injury to the plain·tiff's freehold. And lastly, the complaint alleges such facts as show upon their face that the plaintiff is entitled to injunctive relief.

The first exception assigns error, on the part of his Honor, the presiding Judge, as follows:

"In refusing defendant's motion for a nonsuit, said motion being made on the ground that plaintiff could not maintain her action, in that she had alleged and proven trespasses which only affected the possession and use of certain premises, and had proven that, at the time of said trespasses, plaintiff's tenant, one Ed Workman, was entitled to said use and possession; the error of law being found in thereby holding that a landlord can maintain an action for damages against one who invades her tenant's possession."

As a general proposition, the rule is well settled that, in the case of injuries to leased premises which are in the possession of the tenant, the landlord cannot maintain an action for damages for an act which affects merely the possession. See note to cases of *Blakly* v. *Board* (N. J.), 25 Am. & Eng. Annotated Cases, 119.

*Quare clausum fregit* was the appropriate action in such cases, before the adoption of the Code. *Cannon* v. *Hatcher,* 1 Hill 260, 26 Am. Dec. 177; *Gilmore* v. *Roberts,* 18 S. C. 551. But that principle is not applicable to the facts in this case, as the rule is equally well settled that the landlord, though the land is in possession of the tenant, may maintain an action against a stranger or tenant himself for injuries to the leased land, which injuriously affect the reversionary interest. A lessor may maintain a suit as for an injury to the reversion, when there is a continuing trespass under a claim of right, which might by time ripen into an adverse title. This exception is overruled.

The second exception is as follows:

"In charging the jury, 'When you go to consider special defenses set up in the answers, the burden is on the defendant to make out her special defenses set up in the answer, by the greater weight of the testimony.' The error of law being found (a) in instructing the jury that defendant had to prove anything, by the greater weight of the testimony, it being sufficient for her to show the same by the greater weight of the evidence—both testimony and documentary evidence; (b) in instructing the jury that special defenses such as were contained in the answer herein had to be proved by the preponderance of the testimony, the rule of law being that special defenses under special denials need not be proven by the preponderance of the evidence."

The first assignment of error cannot be sustained, for the reason that the words "testimony" and "evidence" are generally used interchangeably.

Nor can the assignment of error as to the special defenses be sustained, as the burden of proving title to the land was on the defendant. *Investment Co.* v. *Lumber Co.,* 86 S. C. 358, 68 S. E. 637, 30 L. R. A. (N. S.) 243.

Judgment affirmed.

MR. JUSTICE GAGE did not participate in the consideration of this case.