SUSIE L. SOWLE, APPELLEE, v. BENJAMIN G. SOWLE, APPELLANT.

FILED JULY 16, 1927. No. 24888.

1. **Husband and Wife: ACTION FOR ALIENATION OF AFFECTIONS: MEASURE OF DAMAGES.** In an alienation case brought by a wife against the husband's father, the measure of plaintiff's recovery, if any, is the damage which she may have sustained by loss of comfort, society, love, and protection, usually expressed by the word "consortium."

2. **Trial: REFUSAL OF INSTRUCTIONS.** Action of district court in refusing to give certain instructions requested, examined and approved.

APPEAL from the district court for Lincoln county: ISAAC J. NISLEY, JUDGE. *Reversed.*

*William E. Shuman* and *N. P. McDonald,* for appellant.

*Beeler, Crosby & Baskins, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON and EBERLY, JJ.

EBERLY, J.

The plaintiff recovered a judgment of $10,833 against the defendant, her father-in-law, in an action for damages for alienation of affections of plaintiff's husband, Irl J. Sowle. Defendant appealed.

Without setting forth the petition *in extenso*, it may be said that it alleges, in appropriate language, that after the marriage of plaintiff and Irl J. Sowle, and before interference on part of the defendant, plaintiff and her husband lived happily together, the latter "bestowing upon plaintiff all * * * support that could be desired;" that after said "Benjamin G. Sowle moved to the home of said plaintiff and her husband, Irl J. Sowle, he maliciously and wickedly contrived and intended to injure this plaintiff, and to destroy her peace of mind and happiness, and to deprive her of the comfort, society, and support of her husband, Irl J. Sowle, * * * did solely, because of his malice and ill-will toward the plaintiff (here follows recital of words made use of and description of acts and conduct of defendant upon which plaintiff relied to sustain her cause of action)." The petition also alleges that, after the estrangement had been thus effected, plaintiff sought a reconciliation to the end that her husband might "again come and live with her and maintain and support her and her minor children," but that due to the unlawful influence of the defendant over said Irl J. Sowle, maliciously exerted as above set forth, her husband refused so to do, all to her damage in the sum of $50,000.

The defendant in his answer, after admitting the marriage of plaintiff, the relation of the parties, and certain

unimportant details, then denied generally the allegations of plaintiff's petition.

The errors assigned by the defendant, both in motion for a new trial in the district court and in the brief filed herein, are numerous, but may be discussed under two heads: (1) Error in including as an element of recovery, loss of support; (2) failure of the trial court to instruct as to "malice."

In instruction No. 2, given by the court on its own motion, the trial court recited substantially the allegations of the plaintiff's petition, including those quoted herein. In instruction No. 4, also given by the court on its own motion, the jury were told that the statements contained in instruction No. 2 must not be considered as evidence, but that it was given "merely for the purpose of giving an idea of the nature of the case." It is thus obvious from reading instructions Nos. 2 and 4 together that the "nature of the case," as thus defined to the jury, included as a necessary element damages for "loss of support."

In instruction No. 7, given by the court on its own motion, the jury were further instructed, in the event they found for plaintiff, to fix the damages at such sum as they may believe from the evidence "will fairly and reasonably compensate the plaintiff for the loss of her husband's society, assistance, affection, and companionship, and for any mental suffering you may believe from the evidence the plaintiff endured thereby." In this connection it may be noted that Webster's International Dictionary defines the word "assistance" as "act of assisting, help, aid, furtherance, succor, support."

Thus, it plainly appears that "loss of support and maintenance" which the plaintiff expressly made a part of her petition as grounds for recovery was, as such, submitted to the jury by the court's instructions. In this the trial court erred.

The undisputed facts of the record disclose that Irl J. Sowle is a young man, strong and vigorous, and has ample property to answer to the lawful demands of the plaintiff for support and maintenance for herself and the minor

children of their union. It also appears affirmatively that these rights of support of the plaintiff and her minor children are fully protected in a decree of divorce duly entered in a suit brought in a court of competent jurisdiction between the plaintiff and said Irl J. Sowle in which both parties had appeared and submitted the merits of their respective controversies, and from which decree no appeal has been perfected.

On this point this case is on all fours with the case of *Larsen v. Larsen, ante,* p. 601, where Thompson, J., in delivering the opinion of the court, used the following language: "As the uncontradicted evidence in this case shows, the husband was a stout, able-bodied man, 39 years of age, and possessed of at least $2,400 worth of personal property, and that he personally, as well as his property, was within the jurisdiction of the court at all times, and as the law clothes the wife with the right to require him to contribute to her support—a right of which she was not deprived by defendants—there would be no liability on their part for such support in this alienation case, even if the evidence otherwise sustained the charges of the petition, which we do not decide. Under such a state of facts, the recovery, if any, must be for loss of comfort, society, love, and protection, usually expressed by the word 'consortium.' Hence, as this instruction failed to eliminate such husband's primary liability, it did not correctly announce the law of the case, and as this defect was not cured by any other instruction, the giving thereof was error. *Sohl v. Sohl,* 114 Neb. 353."

The defendant further contends that the trial court erred in refusing to instruct on the question of malice, and in refusing to give, as applicable thereto, instructions Nos. 9, 12, and 13, requested by the defendant, and cites *Phelps v. Bergers,* 92 Neb. 851, as sustaining his contention.

A careful examination of the instructions of the court, given on its own motion, discloses the fact that instructions Nos. 9 and 12 are substantially covered therein. As to instruction No. 13, referred to, in cases wherein the relation

of the parties is as in the instant case, it may be conceded that the well-established rule is: "The existence of malice must be affirmatively proved, for a parent who advises his son or daughter to leave the marital home is presumed to have done so out of parental affection and solicitude for the welfare of the child, and he cannot be held liable unless the plaintiff, who has the burden of proof, establishes that his advice or conduct is actuated by malicious motives." See *Hossfeld v. Hossfeld,* 188 Fed. 61, 110 C. C. A. 131; *Jonas v. Hirshburg,* 18 Ind. App. 581; *Workman v. Workman,* 43 Ind. App. 382; *Heisler v. Heisler,* 151 Ia. 503; *Corrick v. Dunham,* 147 Ia. 320; *Busenbark v. Busenbark,* 150 Ia. 7; *Miller v. Miller,* 154 Ia. 344; *Cornelius v. Cornelius,* 233 Mo. 1; *Miller v. Miller,* 122 Mo. App. 693; *Fronk v. Fronk,* 159 Mo. App. 543; *Allen v. Forsythe,* 160 Mo. App. 262; *Greuneich v. Greuneich,* 23 N. Dak. 368; *Beisel v. Gerlach,* 221 Pa. St. 232, 18 L. R. A. n. s. 516; *Gross v. Gross,* 70 W. Va. 317, 39 L. R. A. n. s. 261; *Jones v. Monson,* 137 Wis. 478, 129 Am. St. Rep. 1082. This doctrine has been substantially accepted by this court. *Trumbull v. Trumbull,* 71 Neb. 186.

Conceding then, for the purpose of discussion only, that that portion of defendant's instruction No. 13, wherein the jury are instructed "that there is a presumption that parents act for the best interest and welfare of their children," is a correct statement of the law, it does not follow that that portion of instruction No. 13 in which the trial court was asked to instruct, "and in any action such as this, by a wife against the parent of her husband, the law requires a much greater degree of proof, particularly of malice and improper motive, than is necessary in a similar action against a stranger," is in accord with the views of this court. In fact, we cannot assent to it.

"Degree of proof" does not refer to "medium by which truth is established," but rather to the effect of evidence. In this sense we speak of degree of proof required as "the preponderance of evidence" or "proof beyond a reasonable doubt." While facts which comprise the transactions involved in charges of alienation of affections might, in dif-

ferent cases, be accorded different evidentiary values in view of different relations of parties concerned therein, still in all cases the "degree of proof required" to establish the affirmative of the issues, including questions of malice and improper motive, could be no more nor no less than to require them to be established by a "preponderance of the evidence." For a court to instruct that a greater degree than preponderance of evidence was necessary would be the commission of error.

It therefore follows that, no proper instruction having been tendered by the defendant on the subject of "malice," considered in connection with the relation of the parties, the mere failure of the court to instruct thereon does not constitute reversible error.

In view of a new trial being necessitated by this reversal, it is thought best, without further discussion of errors assigned, to suggest that this court is committed to the doctrine that, while "undoubtedly it is a good defense on the part of a parent or guardian, in an action of this nature, to show that advice given was with honest motives and a sincere belief that it was for the moral and social welfare of the child, or ward; but, to be available, both the relationship as well as the good motives must be pleaded." *Ruhs v. Ruhs*, 105 Neb. 663. See, also, *Harvey v. Harvey*, 75 Neb. 557; *Rath v. Rath*, 2 Neb. (Unof.) 600.

If, therefore, it is desired to take advantage of the defense suggested, prudence would indicate that the rule as to pleading be complied with.

Because of errors discussed in this opinion, the judgment of the trial court is reversed and the cause is remanded for further proceedings.

REVERSED.