## CIRCUIT COURT OF THE CITY OF RICHMOND

Kenneth L. McMahand

v.

Virginia Retirement System

March 9, 1994

Case No. HD-1213–4

BY JUDGE RANDALL G. JOHNSON

This is an appeal of a final case decision of the Virginia Retirement System (VRS). The plaintiff, Kenneth L. McMahand, contends that VRS committed error by applying an improper standard in evaluating his application for disability retirement. Plaintiff also asserts that the agency record contains insufficient evidence to support the decision. The court has heard arguments and received submissions of the parties, and the matter is now ripe for decision.

Plaintiff began his employment with the Virginia Department of Transportation on February 1, 1989, as a highway equipment mechanic apprentice. His position required him to assist mechanics with the service and repair of highway equipment. Such work involved repairs to large trucks and other equipment, and often required plaintiff to engage in heavy lifting. He retired from that position on June 11, 1992, allegedly because his physical condition made it impossible for him to continue working. Specifically, plaintiff complained that he suffered from uncontrolled hypertension, depression, gross obesity, degenerative arthritis with acute bursitis affecting his back and left knee, diabetes mellitus, and inverted upper eyelids. In February, 1993, the

Social Security Administration found him to be totally disabled and awarded him monthly disability benefits.

This appeal has had a protracted procedural history. On August 3, 1992, plaintiff filed an application for disability retirement with VRS on the basis of diabetes, high blood pressure, and an injured back and left knee. Specifically, plaintiff asserted that he had difficulty performing mechanic work and heavy labor, such as changing tires. The Medical Board of VRS reviewed the application. In an opinion letter dated September 29, 1992, VRS denied plaintiff disability retirement benefits on the ground that none of plaintiff's medical conditions were not amenable to treatment. Plaintiff filed an internal appeal of VRS's decision and submitted additional medical reports. Those reports indicated that plaintiff suffered from severe depression, diabetes mellitus, and intermittent leg and back problems. By letter opinion dated February 4, 1993, VRS denied disability retirement benefits for the second time. Plaintiff again appealed VRS's decision internally and submitted a copy of the notice from the Social Security Administration awarding him disability benefits. An informal fact finding hearing was conducted by VRS's agency representative, W. Rand Cook. By letter dated August 13, 1993, Mr. Cook recommended a denial of disability retirement benefits. Based on a review of the medical records, the reports of the Medical Board, and Mr. Cook's letter opinion, VRS, for the third time, denied plaintiff's application for disability retirement in a final case decision dated September 21, 1993. It is plaintiff's appeal of that decision which is now before the court.

Plaintiff's right of review is governed by the Administrative Process Act, Va. Code Section §§ 9–6.14:1 to 9–6.14:25. The Act limits issues on review to errors of law described as errors of (i) constitutionality; (ii) compliance with statutory authority; (iii) observance of required procedure; and (iv) the substantiality of the evidential support for findings of fact. Va. Code § 9–6.14:17.

Plaintiff's assignments of error fall under the second and fourth categories provided in Va. Code § 9–6.14:17. First, plaintiff alleges that VRS applied an improper standard in evaluating his application for disability retirement benefits. Second, plaintiff contends that insufficient evidence existed in VRS's record for it to find that he was not physically incapacitated to further perform his duties at the Department of Transportation.

With regard to the first issue, plaintiff asserts that VRS erred by evaluating his application for benefits under a standard which is different from the statutory standard. Specifically, he contends that while § 51.1–156(E) requires an applicant for disability retirement to demonstrate a mental or physical incapacity preventing him from further performing his duty, Mr. Cook's report, upon which VRS relied in reaching its decision, required that he demonstrate and found that he failed to demonstrate that he was "totally and permanently disabled." Plaintiff argues that such "total and permanent disability" standard is not equivalent to, but is more stringent than, the statutorily prescribed "physically incapacitated" standard.

Va. Code § 51.1–156(E) provides that "after reviewing pertinent medical records, the Medical Board shall certify that (i) the member is and has been continuously since the effective date of retirement if prior to filing of the notification, mentally or physically incapacitated for the further performance of duty, (ii) the incapacity is likely to be permanent, and (iii) the member should be retired." Mr. Cook's report contains a section entitled "Legal Principles" setting forth the legal standards applied in reviewing plaintiff's case. That section begins with a verbatim account of Va. Code § 51.1–156(E). The report then translates those statutory requirements into two specific questions: (1) "[I]s Mr. McMahand physically incapacitated from the further performance of his duties . . . and (2) [I]s such incapacity likely to be permanent and should he be retired?" After reviewing the record, the report concludes that "Mr. McMahand is not 'totally and permanently' disabled as required by statute in order to qualify for disability retirement benefits."

The court's review of Mr. Cook's report taken in its entirety clearly shows that the proper statutory standard was applied. As noted, the correct statutory standard is set forth verbatim in the report's legal principles section. Further, Mr. Cook used the proper standard in framing the questions posed. Those questions are consistent with the language of Va. Code § 51.1–156(E). The fact that the report's conclusion uses the phrase "totally and permanently disabled" rather than "physically incapacitated" is simply a matter of semantics lacking substantive distinction. It does not show the application of an improper standard.

Moreover, "totally and permanently disabled" and "physically incapacitated" are substantially synonymous. The term disability is gener-

ally used to indicate an incapacity. *See Black's Law Dictionary* 461–62 (6th ed. 1990) (defining "total disability" as "where person is incapacitated from performing any substantial part of his ordinary duties"). Numerous courts have construed the terms "disability" and "incapacity" as synonymous in a variety of contexts. *See, e.g., Scott v. Alaska Indus. Bd.*, 91 F. Supp. 201, 202 (D. Alaska 1950) (terms "disability" and "incapacity" as used in workers' compensation statutes are synonymous); *Walk v. State Compensation Com's*, 58 S.E.2d 791, 793 (W. Va. 1950) (same); *Superior Lloyds of America v. Foxworth*, 178 S.W.2d 724, 726 (Tex. Civ. App. 1944) (no error in submitting issue of "disability" to jury, instead of "incapacity," which is the word used in the workers' compensation statute on ground that terms are synonymous); *Lyle v. Reliance Life Ins. Co. of Pittsburg*, 124 S.W.2d 958, 959 (Ark. 1939) (in construction of insurance policy, word "disability" is synonymous with "incapacity"); *Texas Indemnity Ins. Co. v. Pemberton*, 9 S.W.2d 65, 68 (Tex. Civ. App. 1928) (no error in submitting issue of total permanent "disability" to jury, instead of total permanent "incapacity," which is the word used in workers' compensation act). Accordingly, plaintiff's argument on that issue is rejected.

Plaintiff's second assignment of error asserts that VRS's factual finding that plaintiff is not physically disabled is not sufficiently substantiated by evidence in the agency record. The scope of review of VRS's factual finding is limited to ascertaining whether there was "substantial evidence in the agency record" to support the decision. *State Board of Health v. Godfrey*, 223 Va. 423, 433, 290 S.E.2d 875 (1982). "Substantial evidence" has been interpreted to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Virginia Real Estate Commission v. Bias*, 226 Va. 264, 269, 308 S.E.2d 123 (1983). In addition, the burden of persuasion is on the party complaining of the agency action. Va. Code § 9–6.14:17. This court may reject VRS's decision "only if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion." *Bias*, 226 Va. 269. Finally, in reviewing the decision, the court must view the facts in the light most favorable to sustaining VRS's action, taking "due account of the presumption of official regularity, the experience and specialized competence of the agency and the purpose of the basic law under which the agency has acted." Va. Code § 9–6.14:17; *ABC Commission v. York Street Inn*, 220 Va. 310, 313, 257 S.E.2d 851 (1979). Upon review of the record, the

court finds that substantial evidence was presented for VRS to find that plaintiff was not physically incapacitated for the further performance of his duties.

Plaintiff's application for disability retirement benefits was based on the following medical conditions: (1) hypertension; (2) depression; (3) obesity; (4) degenerative arthritis; (5) diabetes mellitus; and (6) inverted upper eyelids. During the fact-finding hearing, plaintiff disclosed problems with his back and left knee. The medical records indicate, however, that plaintiff's diabetes and hypertension can be managed by medication. Plaintiff also acknowledged that he administers insulin to control diabetes and takes medication for hypertension and depression on a daily basis. In addition, the evidence in the record indicates that his inverted eyelid condition has been treated, and the medical report of his ophthalmologist, Dr. William H. Benson, indicates that plaintiff has "excellent visual acuity in both eyes without a loss of vision from his longstanding problems." Nothing in those records indicates those problems incapacitate plaintiff from performing his employment duties.

Similarly, a review of the medical records indicates that plaintiff's other medical conditions do not render him physically incapacitated to perform his job. The only evidence in the record concerning plaintiff's degenerative arthritis or bursitis relates to his back and left knee. The record contains no objective evidence in the form of an x-ray or MRI regarding any disabling condition of his back or knee. Plaintiff consulted an orthopedist, Dr. William R. Mauck, for his back pain. Dr. Mauck's records indicated that he, Dr. Mauck, understood that plaintiff's employment involved "extremely heavy work," noted that plaintiff had "made a satisfactory recovery," and released him to return to work without limitations. In addition, plaintiff consulted with Dr. Nathan D. Zasler for problems relating to his left knee. Dr. Zasler prescribed a brace for the knee and noted that plaintiff was asymptomatic and "doing very well with the brace." The medical records indicate that Dr. Zasler was aware that plaintiff continued to work and did not suggest any work related restrictions. The record further indicates that plaintiff's obesity is also amenable to treatment, and there is no evidence that his obesity is likely to be permanent. Accordingly, sufficient evidence exists in the record to find that plaintiff's medical conditions do not qualify him for disability retirement benefits.

Finally, plaintiff asserts that the fact that the Social Security Administration has declared him to be totally disabled and entitled to disability benefits is pertinent to the issue of whether the record contains substantial evidence to support VRS's decision. The court can find no authority for the proposition that the Social Security Administration's factual findings or decision on an employee's status is binding on VRS. Indeed, the relevance of the Social Security Administration's decision is questionable given the different standards it applied in reviewing a different record compiled at an earlier time.

Accordingly, for the foregoing reasons, the court affirms VRS's final case decision and dismisses plaintiff's appeal.