ETHEL McGREW v. St. LOUIS, SAN FRANCISCO & TEXAS
RAILWAY COMPANY ET AL.

Decided April 22, 1903.

**1.—Personal Injury—Expert Evidence—Simulation.**

In an action for personal injury where plaintiff claimed that she had no
feeling in her limbs, and it was contended that some of her pretended injuries
were simulated, it was error for the court to refuse to permit a physician to
testify that she was not simulating the absence of pain upon the application
of certain tests by him, he having previously testified that he had made such
tests and that they showed she had no feeling in her limbs.

**2.—Railroads—Signals at Crossings—Person Near Track.**

At places where public streets cross the tracks of a railway, and at other
places in close proximity to the track, which the public have the right to use
and which are so used, the servants of the company, when in charge of locomo-
tives and trains, must, in approaching such places, exercise ordinary care not
only to discover if persons are on the track, but must also exercise such care
to ascertain if any are in near proximity, and are about to cross the track.

**3.—Same—Evidence Raising Issue.**

Where there was some evidence that plaintiff, driving a horse to a buggy,
was within twenty-five or thirty feet of the crossing at the time the train
approached it and whistled as it crossed, the court should have submitted the
issue of the railway company's liability upon the theory that the engineer
operating the locomotive could, in the exercise of ordinary care, by keeping a
proper lookout, have discovered the near proximity of plaintiff and the team
to the track.

**4.—Same—Forbearing to Sound Whistle.**

The engineer blew the whistle for a crossing ahead at a time when he was
on another crossing and near plaintiff's team. There was no evidence that he
had then discovered or had reason to believe that some one else was in a peril-
ous situation at the next crossing, or that conditions existed there at that time
such as made it necessary for him to put plaintiff in peril by complying with
the statutory duty of blowing the whistle for the crossing ahead. Held, that
it was for the jury to determine whether the blowing of the whistle was unnec-
essary and constituted negligence.

Appeal from the District Court of Grayson. Tried below before
Hon. Rice Maxcy.

*Randell, Wood & Hassell* and *Wilkins, Vinson & Moore,* for appel-
lant.

*L. F. Parker, Head & Dillard,* and *Baker, Botts, Baker & Lovett,* for
appellees.

FISHER, CHIEF JUSTICE.—This suit was instituted in the District
Court of Grayson County, Texas, by Ethel McGrew, minor, through her
next friend R. B. McGrew, against the St. Louis, San Francisco & Texas
Railway Company, the St. Louis & San Francisco Railway Company,
the Houston & Texas Central Railroad Company, Johnson Brothers
& Faught, and McCabe & Steen, to recover damages for personal in-
juries sustained by her on Houston Avenue, in Denison, Texas, on
April 19, 1901, by the horse which she was driving to a buggy be-

coming frightened at a passing train belonging to the defendants St. Louis & San Francisco Railroad Company and the St. Louis, San Francisco & Texas Railway Company, and being operated over the track of the Houston & Texas Central Railroad Company, said horse running away and throwing plaintiff from the buggy onto the ground with great force and violence.

The defendants McCabe & Steen answered by general demurrer and general denial, and at the close of plaintiff's evidence a nonsuit was taken by the plaintiff as to them. Defendants Johnson Brothers & Faught, not having been served with citation, were dismissed from the case.

The defendants St. Louis & San Francisco Railroad Company and the St. Louis, San Francisco & Texas Railway Company answered by general demurrer, general denial, plea of contributory negligence and sworn plea denying partnership.

The defendant Houston & Texas Central Railroad Company answered by general demurrer, general denial, plea of contributory negligence, and sworn plea denying partnership.

The case came on for trial before a jury, and resulted in a verdict and judgment for defendants on June 3, 1902.

It appears from the evidence that the plaintiff was riding in a buggy driving the horse that was pulling the same along one of the public streets of the city of Denison, and as she approached the crossing of the Houston & Texas Central Railroad Company she stopped in order to let a passing train go by. There is evidence tending to show that the horse was reasonably gentle. The evidence is conflicting as to the distance she stopped on the street from where it crossed the railroad track; some of it is to the effect that she was 100 feet, and other testimony shows that she was within twenty-five or thirty feet of the track; and if she was at the latter place, she was so near the track that the engineer in control of the approaching locomotive could, by a proper lookout, have discovered her position near the track. The engineer's position in the cab was on the side of the track that the plaintiff was on, and he was looking at the crossing and in her direction in the approach of the locomotive and train to the crossing. He testifies that he did not see the plaintiff, but there is much evidence in the record to the effect that in approaching the crossing he could have seen her position near it.

When the locomotive got upon the crossing and near the horse that the plaintiff was driving, the engineer sounded the whistle, which frightened the horse, causing it to give a sudden turn, throwing the plaintiff from the buggy and thereby causing the injuries for which she seeks damages. There is evidence to the effect that the engineer, at the time that he sounded the whistle, could have seen the plaintiff near the track, and that his purpose in sounding the whistle was to give warning of his approach to the next crossing that he would reach, which was Munson Street, nearly 1500 feet distant from the street where he blew the whistle. The whistle when blown was not given as a signal

of the approach to the crossing of the street upon which the plaintiff was located, but when sounded the engine was then crossing that street. Therefore, there is some eviednce which has a tendency to show that the sounding of the whistle was unnecessary, and that the purpose was not to give warning of the approach to the next crossing, which was so far away.

Although we are of the opinion that, in view of the state of the pleadings, the trial court erred in allowing the defendants twelve peremptory challenges, it is unnecessary for us to pass upon that question, as it appears that this number of challenges was allowed on the ground that there was a clash of interests between the railway company and their codefendants McCabe & Steen. The latter, by reason of the nonsuit being out of the case, this question will not arise upon another trial.

The fifth assignment of error is as follows: "The court erred in its ruling upon the introduction of the testimony, in that it refused to permit the witness Dr. A. W. Acheson to testify that the plaintiff was not simulating the absence of pain upon the application of certain tests by him to plaintiff, he having previously testified that he had made such tests and that they showed she had no feeling in her limbs, as shown by plaintiff's bill of exceptions No. 3."

The witness was one of the attending physicians who examined the plaintiff's injuries and treated her for the same. He testified that he employed certain tests to ascertain whether she could feel pain in her limbs. Then he was asked whether or not she was simulating the absence of pain when the tests were applied. There is much evidence in the record, introduced by the appellees' to the effect that the plaintiff was not injured to the extent claimed, and that some of her pretended injuries were feigned and simulated. The verdict of the jury is general, therefore we are unable to determine whether they found against the plaintiff upon the ground that the appellees were not guily of negligence, or that she was guilty of contributory negligence, or that she sustained no injury. The question asked and the proposed answer thereto was, in our opinion, the subject of expert testimony,—a matter peculiarly within the province of the physician. Railroad Co. v. McElmurray, 33 S. W. Rep., 249; Railroad Co. v. Wright, 19 Texas Civ. App., 47. Therefore we are of opinion that the court erred in not admitting this evidence.

We are also of the opinion that upon another trial the court should admit the testimony set out under appellant's third and fourth assignments of error.

It was proper for Mrs. McGrew to testify what was the disposition of the plaintiff prior and subsequent to the injuries. The testimony of Dr. Acheson, set out under the fourth assignment of error, was admissible as tending to show his qualification to treat injuries of the character sustained by the plaintiff, and that as a surgeon he was familiar with such practice.

There was no error in the court's refusing to admit the testimony of Mrs. McGrew, as set out under appellant's sixth assignment of error.

We are of the opinion that the charge of the court is subject to the objection urged in appellant's ninth assignment of error. The injuries there submitted by the charge that were sustained by the plaintiff are not all that were developed by the evidence.

The remaining assignments, which complain of the charge of the court and the refusal to give the appellant's requested charge, will, in a general way, be disposed of by our views upon the subject embraced in the assignments of errors.

At places where streets which are used by the public cross the tracks of a railway, and at other places on.and in close proximity to the track, which the public have the lawful right to use, and which are so used, the servants of the company, when in charge of locomotives and trains, must, in approaching such places, exercise ordinary care not only to discover if persons are on the track, but must also exercise such care to ascertain if any are in near proximity, and are about to cross the track. At such places the vigilance does not cease with the discovery that the track is clear, but there must be a reasonable lookout to discover if anyone who may lawfully use or cross the track is about to do so. Railway Co. v. Watkins, 88 Texas, 20; Railway Co. v. Smith, 87 Texas, 357; Railway Co. v. Mechler, 87 Texas, 633; Shoemaker v. Texas & P. Ry. Co., 69 S. W. Rep., 991; Railway Co. v. McGee, 92 Texas, 620; Railway Co. v. Phillips, 37 S. W. Rep., 621; Railway Co. v. Pendery, 14 Texas Civ. App., 60; Missouri K. & T. Ry. Co. v. Belew, 22 Texas Civ. App., 264; Gulf C. & S. F. Ry. Co. v. Singer, 40 S. W. Rep., 1005; Missouri K. & T. Ry. Co. v. Traub, 19 Texas Civ. App., 125.

In the three cases last cited the doctrine stated was applied to fright of teams which was occasioned by noises unusual and negligently made, at a time when the teams could and should have been discovered. A writ of error was denied in Railway Co. v. Traub.

The court instructed the jury upon the theory that the railway company would be liable only in the event the engineer, before or at the time of sounding the whistle, discovered the fright of the horse. The facts, when construed in the light of the principle decided in the cases cited, call also for a submission of the liability of the appellee upon the theory that the engineer operating the locomotive could, in the exercise of ordinary care, by keeping a reasonable lookout, have discovered the near proximity of plaintiff and the team to the track. There is evidence to the effect that the plaintiff was within twenty-five or thirty feet of the track where the street crossed the same when the whistle was sounded, and that the whistle was blown when the locomotive was upon the crossing and near the horse. The plaintiff and her team were so near the track that the engineer in approaching the crossing, if he had kept a reasonable lookout for the same, would doubtless have discovered plaintiff's position. She was there preparatory to crossing, and the duty rested upon the engineer to exercise ordinary care to ascertain if the

track was about to be crossed by a person lawfully entitled to cross the same. If in the performance of this duty he could have discovered the proximity of the plaintiff, he should be charged with knowledge of the fact the existence of which he could have discovered. If there is a duty to discover, and, by the exercise of ordinary care, discovery could be made, the law gives to this the same effect as if there was an actual discovery. If he discovered, or should have discovered, the situation of the plaintiff so near the track, the evidence raised the issue as to whether or not his sounding the whistle, under the circumstances, was negligence. A jury might have inferred that blowing the whistle was unnecessary, and that the effect might have occasioned fright to a horse so near the track.

The whistle was not sounded for the crossing that the plaintiff was near, for the evidence is clear upon the point that the engine had at that time either reached or passed that crossing; and there is no testimony in the record that authorizes the inference that the engineer, when the whistle was sounded, had discovered or had reason to believe that some one else was in a perilous situation at the next crossing, or that the conditions of things so existed there at that time that made it necessary for him to put the plaintiff in peril by complying with the statutory duty of blowing the whistle in approaching the Munson Street crossing. The Munson Street crossing, the one that he was then approaching, was practically about 1500 feet away.

A railway company is not, ordinarily, liable for noises incident to the operation of its trains, nor for that which is usual under circumstances which the exercise of ordinary care and caution require to be made, nor which is required by some positive rule of law; but circumstances might arise, in order to conserve the safety of some one to whom the railway company may owe a duty, that it should refrain from creating noises, the tendency and effect of which might result in injury. If sounding the whistle was unnecessary, or made at a time when no occasion for the safety of some one whom the engineer had reasonable grounds to believe was in danger from the approaching of the train, and after the engineer had discovered, or by the exercise of ordinary care could have discovered, the situation of the plaintiff, if she was so near the crossing and in close proximity to the track that the duty to discover existed, and if the circumstances were such as to indicate to a person of ordinary prudence that sounding the whistle might and probably would result in the fright of the horse, then arises a case of actionable negligence, for which the railway company would be liable.

Judgment affirmed as to McCabe & Steen and Johnson Bros. & Faught and otherwise reversed and cause remanded.

*Reversed and remanded.*

Application for writ of error dismissed for want of jurisdiction.