**TEXAS INDEMNITY INS. CO. v. PEM-BERTON.** (No. 3053.)

Court of Civil Appeals of Texas. Amarillo.
June 27, 1928.

W. P. Z. German, Alvin F. Molony, and Chas. Hill Johns, all of Tulsa, Okl., and Underwood, Johnson, Dooley & Simpson and Vance Huff, all of Amarillo, for appellant.

McBride, McBride & Harney, of Borger, for appellee.

HALL, C. J. The appellee, Pemberton, filed this suit to set aside an award made in his favor by the Industrial Accident Board. He alleges that he was injured November 2, 1926, while an employee of the Skelley Oil Company, when he was standing on a loading rack belonging to said oil company, by one of the pipes which extended over the loading rack and over a tank car whipping around at a very rapid rate of speed and striking him across the back and on the side; that his employer was a subscriber under the Workmen's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309). He sets out in detail the specific injuries which he suffered as a result of the accident, and alleges that he will be totally and permanently disabled during the remainder of his life; that in accordance with the provisions of the Workmen's Compensation Act he gave due notice of his injuries to the Texas Indemnity Insurance Company within 30 days after the date of the accident; that the Skelley Oil Company had due notice of the accident; that within the 6 months period of time he made claim for compensation before the Industrial Accident Board and to the Texas Indemnity Insurance Company; that on or about the 23d of April, 1927, said board made its award, and later, on the 6th day of May, 1927, changed and revised its award; that copies of the said awards and rulings "were filed with the clerk of the court for jurisdictional purposes only," and that within the 20-day period of time, as required by statute, notice was given to said board and said insurance company that he would not consent to nor abide by the final ruling and decision of said board; that within 20 days thereafter he filed suit in a court of competent jurisdiction to set aside said final decision and award and have compensation decreed to him in a lump sum. He further alleges that at the time of his said injury he was earning $30.40 per week; that he was entitled to compensation at the rate of $18.24 per week for 401 weeks, beginning November 9, 1927, and continuing thereafter for a period of 401 weeks; that he had a wife and four children to support, and no source of income whatsoever apart from his wages, and that it is necessary that he recover his compensation in a lump sum, that he may invest it in a home or business enterprise; that the small amount awarded him, to wit, $18.24 per week, was not sufficient to support himself and family; that he had employed counsel to represent him in the collection of his compensation, whom he had agreed to pay one-third of the amount collected. He prays that the award of the board be set aside, for judgment in the sum of $7,-314.24, less any amount that may have previously been paid him, etc.

The defendant answered, alleging that no proper and legal application or claim had been made, as required by statute, so as to vest the district court with jurisdiction; that no valid final award had been made by the Accident Board, and no notice of intention not to abide by the award was served upon defendant within 20 days from the date of same; that the suit was not filed within 20 days from the date of service of any such notice—and prayed that plaintiff's petition be dismissed and that it have judgment of the court in its favor, and that it be permitted to go hence without day and recover its costs. The answer also raised the question, by demurrer, of the insufficiency of the petition to show that the district court had jurisdiction of the cause.

The general demurrer and special exceptions were overruled, and the case submitted to a jury upon special issues. Based upon the verdict, judgment was rendered in appellee's favor for the sum of $7,022.40.

Under several propositions, which are grouped by the appellant, it is insisted that, in a case of this character, the facts alleged in the plaintiff's petition must affirmatively show that the trial court had jurisdiction of the amount involved; that all the statutory prerequisites to the right of the plaintiff to maintain this suit had been complied with; that such statutory provisions are mandatory and exclusive, and that the petition must show that each step in the progress of the maturity of appellee's claim, from the time of the alleged injury to the filing of the petition, must be set forth in the pleadings, and are necessary to the exercise of jurisdiction by the Industrial Accident Board, and by the trial court, whenever the award of the Board is sought to be set aside; that because the

petition in the instant case failed to allege the appellee had. made and filed his claim with the Industrial Accident Board in an amount of $500 or more, and had not claimed such disability and incapacity as entitled him to compensation in the sum of $500 or more, the general demurrer to the petition should have been sustained, for want of jurisdiction in the district court of the amount involved.

It is further insisted that, because the plaintiff's petition did not allege that he had filed a claim before the Board for an amount of compensation within the jurisdiction of the reviewing court, it was reversible error for such court to permit plaintiff to testify during the trial what evidence and testimony of his own he had produced before the board at the time said board heard his claim. It is further urged that it is reversible error for the trial court to permit the award of the board to be introduced in evidence during the trial, and to permit the same to be referred to in the presence and hearing of the jury.

We think these contentions, in the main, are sound. Chief Justice Cureton said, in the leading case of Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084, that jurisdictional allegations are an integral and necessary part of the case without the statement of which there is no cause of action, and further, in the same case, said that the jurisdiction of the trial court to hear and determine a suit of this character depended upon the following prerequisite proceedings which should have been properly alleged by the plaintiff and supported by the requisite evidence:

"(a) That proper application for compensation on account of the injury alleged to have been received was made to the Industrial Accident Board;

"(b) That final award was made thereon by said board;

"(c) The giving of notice of the intention not to abide by the award within 20 days from date of same, and the filing of proper suit within 20 days from the date of service of such notice— all being jurisdictional facts and essential to concur before jurisdiction would attach."

 In the trial of a case arising under the Workmen's Compensation Act, the district court is, in a sense, a court of limited jurisdiction, the rights and remedies in such case being derived from the statutes. The statutory provisions are held to be mandatory and exclusive, and before the action is maintainable these provisions must be complied with in all respects. Employers' Insurance Association v. Nelson (Tex. Civ. App.) 292 S. W. 651; Hood v. Texas Employers' Association (Tex. Civ. App.) 260 S. W. 243; Texas Employers' Insurance Association v. Nunamaker (Tex. Civ. App.) 267 S. W. 749. The last-named case is peculiarly in point upon the contention made in the instant case that the plaintiff's petition failed to show that the claim filed by him with the Industrial Accident Board was in such an amount as to bring the case within the jurisdiction of the district court.

In the case of Farris v. U. S. F. & G. Co. (Tex. Civ. App.) 251 S. W. 612, Judge Buck said:

"In its petition, the company alleged that the Industrial Accident Board, although the evidence showed that Farris' disability was not the result of the injury received in the accident on October 30, 1920, had made an award against the plaintiff in this suit, which award was filed with the clerk of the court for jurisdictional purposes only. In no other part of plaintiff's petition is there any" allegation or "reference to the amount involved in this suit, nor is there otherwise contained any allegation tending to support the jurisdiction of the court. Following plaintiff's petition in the transcript, but apparently not made a part thereof, is what purports to be a copy of the judgment or award of the Industrial Accident Board," etc.

We find this same state of facts existing in this case, and nothing else in the pleadings to show the amount of the claim filed with the board.

 This court has passed upon the question of the sufficiency of pleadings in cases of this character, and has followed the rule laid down in the Mingus Case, supra. See Texas Employers' Insurance Association v. Downing (Tex. Civ. App.) 218 S. W. 112; Texas Employers' Insurance Association v. Walter Davies (Tex. Civ. App.) 6 S.W.(2d) 792, decided May 2, 1928. We therefore conclude that the petition was insufficient, as against a general demurrer, to show that the trial court had jurisdiction of the action, and to show compliance with the statutory prerequisites to plaintiff's right to maintain the suit.

 Over the objections of appellant, appellee's attorney was permitted to ask appellant's adjuster, C. L. Swim, this question:

"Don't you know it to be a fact that the Skelley Oil Company have got a way whereby they carry their own insurance and use the name of the Texas Indemnity Insurance Association?"

The court sustained the objections to this question and excluded the question, and the witness was not permitted to answer. It is the general rule, in cases of this character, that evidence is not admissible to show that the defendant has indemnity insurance; but we have no such case before us. Here the insurance company itself is being sued, and not the employer of the injured party. The question, however, was improper, and the evidence sought to be elicited was immaterial and irrelevant to any issue in the case. We are not willing, however, to hold that merely asking the question would, under the circumstances reflected by the record, be reversible error.

 It is insisted, under the eighteenth, nineteenth, and twentieth propositions, that where the jury finds that the plaintiff em-

ployee was totally and permanently disabled, but further finds that an operation upon his teeth and tonsils to correct a disease existing prior to the injury would materially improve his condition, that the insurance company is entitled to a judgment where the jury fails to find that the disability results in total permanent incapacity.

Special issue No. 1, submitted by the court, inquired whether the injury sustained by Pemberton resulted in "total permanent disability." There is no finding by the jury of total permanent incapacity, and the contentions under these propositions seem to be in the main predicated upon the fact that the court used the word "disability," when the Workmen's Compensation Act uses "incapacity." It is true that the court did not define total disability, but did give the jury a definition of total incapacity. No error is shown by reason of this fact. Incapacity and disability are synonymous. Century Dictionary; Standard Dictionary. And a reading of the cases will show that the two words are used by the courts interchangeably, and in various Workmen's Compensation Acts have been used by the Legislatures to express the same idea. 18 C. J., 1046; Kiser's Treatise on Workmen's Compensation Acts, pp. 94, 95, and cases therein cited.

■ Nor are we willing to assent to the contention, made under these propositions, that, because the jury found that an operation upon Pemberton's teeth and tonsils would improve his condition, such finding is in conflict with the further finding that he would thereafter be totally incapacitated, as that term is construed by the courts. A mere improvement in his condition, by reason of an operation upon his throat or by the extraction of abscessed teeth, might be beneficial, in a sense; but, in the nature of things, it could not relieve other conditions caused by the injury, which the jury found materially affected his ability to work and earn a livelihood.

■ The next contention to be considered is that the court did not submit to the jury, by separate issues, whether the appellee had sustained the several specific injuries set out in his petition. The court, upon that phase of the case, submitted only one issue, as follows:

"On November 2, 1926, did the plaintiff, C. F. Pemberton sustain an injury resulting in the physical conditions claimed by him in his petition?"

As a substitute for this issue, the appellant requested the court to submit several special issues, which call for findings upon each of the injuries set out in the petition. These issues should have been submitted, instead of the one general issue, which the court gave. McGrew v. St. Louis, S. F. & T. Ry. Co., 32 Tex. Civ. App. 265, 74 S. W. 816.

■ The appellant proved, by Dr. Lewis, who, it appears, was a witness for appellee, that Pemberton was suffering from what the doctor called traumatic hysteria. The appellee did not charge in his petition that he was afflicted with traumatic hysteria, and that issue was not submitted to the jury. We cannot, therefore, presume that the judgment was based upon the doctor's evidence. In fact, the effect of the doctor's evidence was to contradict the contentions made by appellee, and, since the testimony was permitted to go to the jury, appellant has had the benefit of it, and no error is shown in this connection.

■ It appears from the record that evidence was introduced tending to show that, prior to the injuries sustained by appellee, he had been suffering from decayed teeth, diseased tonsils, and infected prostate gland, and that several physicians had examined him and testified with reference to these matters. In his argument, appellee's counsel used language which we do not care to copy in the opinion, the effect of which was to charge one or more of the physicians with an unnamable crime.

Many cases coming into the court contain indelicate matters, which must necessarily be introduced in evidence, and which it is the duty of counsel, as well as their right, to discuss, in so far as these matters bear upon the merits of the case. Counsel have the further right to draw such inferences from these facts as are reasonably deducible. But we think the argument objected to clearly transgresses the limits of legitimate discussion, and the effect of it is to discredit appellant's witnesses, and to impeach their standing and integrity, when there is not a scintilla of evidence to support either the argument or the inference. Counsel have no right to use obscene and filthy language in the discussion of cases, and, even where indelicate matters are necessarily introduced, they should endeavor, in their discussion, to use such language as will not subject them to a charge of contempt and impropriety in the conduct of their case. G., H. & S. A. Ry. Co. v. Cooper, 70 Tex. 67, 8 S. W. 68; Dillingham v. Scales, 78 Tex. 205, 14 S. W. 566; Willis v. McNeill, 57 Tex. 474; T. & P. Ry. Co. v. Garcia, 62 Tex. 285; Blum v. Simpson, 66 Tex. 84, 17 S. W. 402; Moss v. Sanger Bros. 75 Tex. 321, 12 S. W. 619.

■ The court charged the jury that plaintiff's physical condition, which was caused wholly by pyorrhea, or tonsilitis, or other disease alone, could not, as a matter of law, be said to result from the injury in question, and that there could be no findings of incapacity to do work or labor, or for such part of any incapacity to do work or labor, that was caused by these diseases alone; but, if such diseases were merely a contributing cause, it would be no defense. This is a correct statement of the law, as we understand it; but, in our opinion, it has no place in this

case. It is true that the evidence tends to show that the appellee was suffering with pyorrhea, infected prostate, and tonsils, and that such troubles existed prior to the date of the alleged injury; but he did not base his right to recover upon a condition brought about by such troubles being aggravated by the injury. It was not necessary for him to mention these facts in his pleadings.

The next contention is that the court erred in permitting, over appellant's objections, evidence which tended to show the financial condition of appellee and his ability to support his family. Evidence of financial condition of an injured employee is admissible on an issue of lump sum settlement, and in this case appellee was insisting that the court decree a lump sum settlement. Texas Indemnity Insurance Co. v. Wilson (Tex. Civ. App.) 281 S. W. 289.

For the errors pointed out, the judgment is reversed, and the cause remanded.