**FEDERAL UNDERWRITERS EXCHANGE v. HINKLE.**

**No. 14451.**

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 27, 1942.

Rehearing Denied Jan. 8, 1943.

Lightfoot, Robertson & Gano, of Fort Worth, for appellant.

Napier & Napier, of Wichita Falls, for appellee.

BROWN, Justice.

This workmen's compensation case was before us on a former appeal. The opinion appears in Tex.Civ.App., 152 S.W.2d 387, writ refused for want of merit. An examination of our former opinion will disclose that we did not consider the plaintiff's petition sufficient, in the light of the claim for compensation, and we reversed the judgment of the trial court and remanded the cause for a new trial.

We endeavored to make it plain to the claimants that we considered it necessary to replead the case in such manner as to clearly set forth the facts on which the claimant, or claimants, would rely for recovery.

In the former trial, although six brothers and sisters of the deceased were parties plaintiff, the trial court rendered judgment against five of such plaintiffs and in favor of only one plaintiff—namely, Lucille Hinkle. None of the five plaintiffs who lost in the former trial appealed from the judgment of the trial court.

Assuredly, it will not be contended that these five former plaintiffs were entitled to prosecute the suit further.

The record on the prior appeal is in the custody of this court, is a part of the official records of this court and we look to it to make a fair comparison between the former pleadings and those before us on this appeal.

The former petition opens as follows: "Now comes Lucile H. Hinkle, who resides in Wichita County, Texas, R. R.

Hinkle, who resides in Navarro County, Texas, Joe H. Hinkle, who resides in the state of New Mexico, W. R. Hinkle, who resides in the state of Oklahoma, and Blanche Davis, a widow, who resides in the state of California, hereinafter styled plaintiffs, complaining of Federal Underwriters Exchange, etc."

Then to put themselves in a position to ask for compensation as dependents, they alleged: "That the plaintiffs, R. R. Hinkle, Ray H. Hinkle, Joe H. Hinkle and W. R. Hinkle were the brothers of the said Frank Arnell Hinkle at the time of his death; that the plaintiffs Lucile H. Hinkle and Blanche Davis were the sisters of the said Frank Arnell Hinkle at the time of his death; that said Frank Arnell Hinkle had no other brothers or sisters except the ones named above; that both of his parents were deceased long prior to the time of his death; that he had never been married and had no child, or children, at the time of his death, nor at any other time; that the exact extent of the dependency of the plaintiffs herein upon the said Frank Arnell Hinkle is unknown to the plaintiffs, and they are, therefore, unable to allege the facts in detail, but they allege that he did, at the time of his death, and for many years prior thereto, contribute substantial sums of money to the plaintiffs, and particularly to the plaintiffs, Lucile H. Hinkle and Blanche Davis, and the plaintiffs believe and therefore aver, that he contributed at least $200.00 per year to said sisters; and the plaintiffs allege that said sisters were dependent to that extent upon the said Frank Arnell Hinkle, and that they had no other source of income except the wages which they earned, which they allege were insufficient for their support; that neither of said sisters earned on an average of more that $7.00 or $8.00 per week; that neither of them own any property of any kind or character; that all of the facts herein alleged with respect to the dependency of the said sisters existed at the time of the death of the said Frank Arnell Hinkle, and for many years prior thereto."

The petition on which trial was had in the appeal before us reads: "Now comes Lucile H. Hinkle Gillman and her husband Callie L. Gillman, who resides in Navarro County, Texas, Ray H. Hinkle, who resides in Wichita County, Texas, R. R. Hinkle, who resides in Navarro County, Texas, Joe H. Hinkle, who resides in the

state of New Mexico, W. R. Hinkle, who resides in the state of Oklahoma, and Blanche Davis, a widow, who resides in the state of California, hereinafter styled plaintiffs, complaining of Federal Underwriters Exchange, etc."

We next examine paragraph IX of this last pleading and compare it with the same paragraph of the petition urged in the first trial. It is: "That the plaintiffs, R. R. Hinkle, Ray H. Hinkle, Joe H. Hinkle and W. R. Hinkle, were the brothers of the said Frank Arnell Hinkle, at the time of his death; that the plaintiffs Lucile H. Hinkle and Blanche Davis were the sisters of the said Frank Arnell Hinkle at the time of his death; that the said Frank Arnell Hinkle never had any other brothers or sisters except the ones named above; that both of his parents were deceased long prior to the time of his death; that he had never been married and had no child or children at the time of his death, nor at any other time; that no other person other than those herein specified and named were ever dependent in whole or in part upon the said Frank Arnell Hinkle; that the exact extent of the dependency of the plaintiffs herein upon the said Frank Arnell Hinkle is unknown to the plaintiffs, and they are therefore unable to allege the facts in detail, but they allege that he did, at the time of his death, and for many years prior thereto, contribute substantial sums of money to the plaintiff Lucile H. Hinkle, and the plaintiffs believe, and therefore aver, that he contributed at least $100.00 per year to his said sister; and the plaintiffs allege that said sister was dependent to that extent upon the said Frank Arnell Hinkle, and that she had no other source of income, except the wages which she earned which she alleges was insufficient for her support; that said sister did not earn on an average of more than $7.00 or $8.00 per week; that she did not own any property of any kind or character; that all of the facts herein alleged with respect to the dependency of the said sister existed at the time of the death of the said Frank Arnell Hinkle, and for many years prior thereto."

A proper plea of res adjudicata having been presented to the trial court, directed at the right of all of the named plaintiffs to prosecute this suit, except Lucile Hinkle, such plea was duly sustained and the plaintiff given leave to amend. However, we find the petition on which trial was had just as we have quoted it above, and it is undoubtedly the former pleading with a few small changes and interlineations that would put it in the condition in which it now appears before us.

In view of the expressions found in our former opinion, the defendant urged special exceptions to the sufficiency of the petition, wherein it attempts to allege dependency. These were overruled and exception reserved to such ruling.

The cause was tried to a jury, and four special issues were submitted: (1) To ascertain a just and fair average weekly wage of the deceased. This was answered $26.40. (2) "Do you find from a preponderance of the evidence that the plaintiff, Lucile H. Hinkle, was dependent upon Frank Arnell Hinkle, deceased, at the time of his death?" This was answered, "Yes". (3) "Do you find from a preponderance of the evidence that Blanche Davis was dependent upon Frank Hinkle, deceased, at the time of his death?" In the transcript the answer appears to be, "No", but we find where Lucile Hinkle, without being joined by her then husband, whom she had made a party plaintiff, filed a motion in the trial court asking that such court set aside and disregard the finding made by the jury to said Issue No. 3 and to render judgment for the movant and turning to the judgment we find that the trial court has recited therein that there was no evidence to support the jury's finding to special issue No. 3, in which it was found that Blanche Davis was dependent upon the deceased, and such judgment recites that Lucile Hinkle had theretofore filed a motion to set aside such finding, and the judgment sustained such motion and set aside the said finding.

The fourth issue is for a finding as to a lump-sum payment. This was answered favorably for "the plaintiff".

The definition given covering dependency is: "In answering the above issues you are instructed that a person is considered dependent upon another when such person looks to or relies upon such other person for a substantial part of his or her reasonable necessaries consistent with his or her position in life."

Objections were made to the charge and all were overruled. Some of them will be discussed herein.

Judgment was rendered for "Lucile Hinkle" for full compensation and that she recover in a lump sum.

It is quite evident that Lucile Hinkle is relegated to a cause of action for being only partially dependent upon the contributions that may have been made by the deceased. We endeavored to make it plain that we considered the allegations of dependency insufficient to state a cause of action and said (in view of the fact that there were no special exceptions urged against the allegations made by the two sisters) : "This portion of the pleading was, perhaps, sufficient to raise the issue of the partial dependency of the two sisters."

But here we are confronted with a different situation. The insurance carrier urged its special exception to the sufficiency of the allegations relied upon.

While we are inclined to the opinion that the allegations are not as clear and specific as should have been made, we are giving the benefit of the doubt to the pleader and we overrule the assignments of error which complain of the overruling of the special exceptions to the sufficiency of the pleading. But we are frank to say that we are unable to see how one who is a bona fide dependent could be unable to allege the true facts as to his dependency and the contributions that were actually made to him. If he does not know these essential facts then it is quite clear that no other person is apt to know them.

In view of the liberal holdings in similar cases, such as Lumbermen's Reciprocal Ass'n v. Warner, Tex.Com.App., 245 S.W. 664, Jones v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 268 S.W. 1004, Consolidated Underwriters v. Free, Tex. Civ.App., 253 S.W. 941, and many others cited in notes under para. 56, of Vol. 45, Texas Jurisprudence, pp. 434—439, we are inclined to hold that the definition of dependency in the charge is sufficient.

We have therefore overruled the first three points raised by the appellant.

The fourth point insists that a reversal should follow because the judgment awarding a lump-sum recovery is not supported by sufficient pleadings and evidence.

Due objection to the giving of this issue was made because of the condition of the pleadings and the evidence.

The pleading is: "Plaintiff Lucile H. Hinkle alleges that she was unmarried without means of support other than their own earnings, which she alleges was inadequate for her support, and that if her compensation is paid to them in weekly payments she will be compelled to use the same as it is received, with which to defray her living expenses and at the end of the compensation period she will be in no better position than she is at the present time, but she alleges that if her compensation should be paid to her in a lump sum, she can and will use the same for the purpose of procuring a home and a small business which they would be capable of managing, and they believe, and therefore aver, that they could in this manner sustain themselves without consuming the principal."

Let it be remembered that since the first trial Lucile Hinkle has married one Callie Gillman, and he was her husband when this suit was tried. The substance of her testimony is that she has not worked since she married; that her husband has been making her a living. There is no evidence tending to show that she is not well and strong physically and not able to work and make a living for herself, in the event this becomes necessary.

She testified that her husband, who is 32 years old, "is in the draft", and that "he expects to go to the Army pretty soon"; that if she were paid a lump sum she would buy a home and rent out a part of her home and that she thought she could "get by" in that way while her husband was in the Army; that she had no assurance there would be no children born of her marriage and she knew of no reason why there should not be children so born.

The husband did not testify.

We are of opinion that the beneficent provisions for a lump-sum judgment for a claimant under the law—Art. 8306, Sect. 15, Vernon's Ann. Civil Statutes —were never intended to provide means with which to set up an able-bodied claimant in business, or to provide means for the purchase of a home by a claimant situated as is the one before us. The point is well taken and the judgment awarding a lump sum is reversed.

This brings us to the last point in which improper and prejudicial argument is charged to appellee and made by her counsel. This is the argument of which complaint is made: (1) "There is one reason for them not giving her a lump sum, there is one reason, that is, she might throw it away or waste it, still another reason is the Insurance Company they haven't any real defense against,—here is their reason— why, you know they couldn't be interested in this plaintiff, no, sir, evidently they must:

be thinking about holding on to the money, and I don't know why they want to hold on to it, maybe it's because they need the money; if that's the reason, that's a good reason why you shouldn't let them keep the money; I don't say that's the reason, but if they get in here and make a determined fight not to pay this woman a lump sum, I say that's a good reason for them from their standpoint, and it's not, I don't believe charitable, and you don't believe either, and it's not to save her money, and so when anybody, you know, just fights hard to keep money, the indications are they need it pretty bad, and when an insurance company needs money bad, it's a pretty good idea to collect usually what you can; now I don't say that's true, but from the statements they made and will make, we have a right to assume that they are trying to hang on to this money for some reason known to them, we don't know what, but I don't believe that it's charity to this plaintiff." And (2) "So don't you see, you can see clearly the other thing I am going to call your attention to about this lump sum settlement—I don't know whether it makes any difference —this is a reciprocal insurance company, a reciprocal insurance company, you know what they are,—."

The first argument was made by plaintiff's attorney in opening the argument before the jury. This argument shows on its face that the attorney who made it wanted the jury to believe that the insurance company to which plaintiff looked for relief was in financial straits and that it was necessary to get all or as much out of it as quickly as possible, or the plaintiff would get little or nothing.

To clinch the thought that counsel was endeavoring to put over to the jury, he made the last argument when he closed the case and stressed the fact that, "this is a reciprocal insurance company, a reciprocal insurance company, you know what they are."

It is not an answer to the complaint made of such argument that all persons are presumed to know the law and that the jurors, therefore, already knew what a reciprocal insurance company is and that counsel told them nothing that they did not then know.

We are not prepared to assume that these average jurors—only laymen, in most instances—were merely impressed by such argument with the fact that the defendant in the case was simply a reciprocal insurance company, of which companies they had personal knowledge. Furthermore, if counsel was relying upon the fact that it will be presumed that these jurors knew what a reciprocal insurance company actually is, it is evident to us that this argument, taken in connection with his opening argument, was assuredly intended to impress the jury with the fact that the plaintiff was attempting to recover against an insurance company that was in financial straits, that it had no bona fide defense and that it was not just an ordinary insurance company and the plaintiff would probably lose her claim unless prompt action was taken to get the money.

We believe the argument complained of before us was of such a prejudicial nature that it requires a reversal of the trial court judgment.

Argument of this character would not only influence the jury in considering the question of a lump-sum judgment, but it is such that it is calculated to prejudice the jury against the insurance company in the consideration of all of the issues of fact.

The judgment is reversed and the cause is remanded.