L. E. MILLS
v.
**TEXAS COMPENSATION INSURANCE COMPANY.**
No. 15242.

United States Court of Appeals,
Fifth Circuit.
April 12, 1955.

944

John J. Watts, William D. Kimbrough, Odessa, Tex., for appellant.

Ford W. Hall, Dallas, Tex., Emil C. Rassman, Midland, Tex., Turpin, Kerr & Smith, of counsel, for appellee.

Before HOLMES and RIVES, Circuit Judges, and WRIGHT, District Judge.

WRIGHT, District Judge.

This appeal presents for review a single assignment of error relating to the admission of evidence. For reasons hereinafter assigned, we find that the evidence in question should not have been admitted and that the admission thereof was prejudicial.

Appellant brought this workmen's compensation suit in the District Court to recover, in a lump sum, compensation for total and permanent disability which his wife, Bettie Jane Mills, allegedly sustained as a result of a fall in the ladies' rest room of her employer's building in Odessa, Texas, her employer being the Southwestern Bell Telephone Company. Based on the jury finding, judgment below was entered for appellee. The question presented is whether the court erred in permitting appellee to show that appellant had presented compensation claims for injuries to himself on three occasions unrelated to the wife's claim in suit.

Appellee's counsel, after eliciting from the appellant on cross-examination the fact that he had previously filed a compensation claim for himself, as distinguished from his wife, asked the witness, "How many times have you filed them?" Whereupon there was an objection which was overruled. Appellant then answered that he had filed compensation claims for injuries to himself on about three occasions. At the close of the evidence, appellant moved the court to instruct the jury not to consider the testimony of appellant to the effect that he had filed compensation claims for himself on three occasions. This motion was also overruled.

Appellant contends that the fact that he filed three compensation claims himself was immaterial to the issue as to whether or not his wife's compensation claim was a valid one. He maintains that the inference the jury obviously drew from the challenged testimony was that he was a professional compensation claiment and that this inference so prejudiced his wife's claim in compensation that the jury denied it.

At the outset it seems clear beyond cavil that the testimony which tended to show that appellant was a professional compensation claimant was so prejudicial as to deny appellant the right to have his wife's claim for compensation decided on its own merits. Unless the trial court was prepared to try each one of the compensation claims previously filed by appellant to determine whether or not they were valid, the jury was bound to draw the inference that they were probably spurious. Unless appellee can show that this challenged testimony was admissible and properly helpful to the jury in determining the validity of the wife's claim in suit, appellant is entitled to a new trial of his wife's claim, unprejudiced by any compensation claims he may or may not have filed, possibly before they were married, for injuries to himself.

Appellee contends that the testimony was admissible on the question of the appellant's right to a lump sum settlement; that it was admissible on cross-examination to impeach the credibility of the husband; and that evidence of a similar nature had already been introduced without objection. Appellee also

contends that if the admission of the evidence was error, it was harmless error, and that, in any event, its admission was not properly objected to.

■■ Under Texas law, in compensation cases, where manifest hardship and injustice would otherwise result, the claimant may receive a lump sum payment, and evidence of financial condition of an injured employee is admissible on the issue of lump sum settlement. Texas Indemnity Ins. Co. v. Pemberton, Tex. Civ.App., 9 S.W.2d 65. And, where the claim is for injuries to the wife, the financial condition of the husband may be considered in making this determination. Federal Underwriters Exchange v. Hinkle, Tex.Civ.App., 167 S.W.2d 307. Appellee contends that the number of compensation suits filed by appellant has probative value in determining the financial condition of the husband and wife.

■ Under some circumstances, appellee's contention might be a valid one. If, as it contends, appellee wanted to show that by reason of money received from compensation claims, appellant was in a position to support his wife, and that therefore the payment of a lump sum was not justified, perhaps the evidence would have been admissible. But appellee made no effort by its further examination of appellant to show what, if any, money was realized by him from his claims. By failing to pursue the examination in this direction, appellee disclosed its real purpose in asking the question. It wanted to expose appellant as a professional compensation claimant and have the jury draw the inference therefrom that the wife's claim as well was invalid. It is difficult to conceive how the wife's claim could be more prejudiced in the eyes of the jury.

■ Appellee, in support of its contention that the challenged testimony was admissible to impeach the husband's credibility, relies on the case of Rudd v. Gulf Cas. Co., Tex.Civ.App., 257 S.W.2d 809, 812, in which the plaintiff, claiming he was injured by hydrogen sulfide gas emanating from the Sand Hills field of the Gulf Oil Company, was asked, " 'Now, your wife filed a suit about this gas, too, didn't she?' " Over objection, the court allowed the witness to answer. On appeal it was held that the question was proper because the information elicited was admissible to show animosity, bias and prejudice.

In the Rudd case, no effort was made to determine how many prior compensation claims the wife or the husband had made. It appeared that both the husband and wife had filed independent suits claiming they were injured by the same hydrogen sulfide gas emanating from the Sand Hills field of the Gulf Oil Company. Under the circumstances, the court held it was proper to examine the plaintiff in relation to his wife's suit based on the same gas. The situation here, as shown above, is totally different. Consequently, the ruling in the Rudd case will not support the trial court's ruling here.

■ Appellee's contention that the evidence was admissible because some evidence on the same subject had already been introduced without objection is without merit. It is true that Mrs. Mills testified that her husband had been injured, was unable to work and that she herself sought employment. On cross-examination, it was brought out that her husband had filed a compensation claim covering the injury which then incapacitated him. Appellant's failure to object at that time to the evidence that he was on compensation when his wife sought employment did not open the door for appellee, through a subsequent witness, to develop how many times during his life appellant had applied for compensation.

■ Appellee also relies on the doctrine of harmless error, citing and quoting Steinkamp v. Erwin, Tex.Civ.App., 249 S.W.2d 1012, 1014, to the effect that, "the admission of irrelevant and immaterial evidence is not ground for reversal, unless it may have influenced the result." Suffice it to say, as we have already indicated, the admission of the irrelevant and immaterial evidence here may have influenced the result.

946

Finally, appellee suggests that the objection to the evidence in question was not sufficiently detailed to be considered on appeal, it appearing that appellant, in objecting, raised only the question of materiality. It is true that the ground of objection to evidence must be specifically stated in order to preserve the point for appeal. Rule 46, Fed.Rules Civ.Proc., 28 U.S.C.A.; Employers Mut. Casualty Co. v. Johnson, 5 Cir., 201 F.2d 153. And a simple statement that the evidence is immaterial is generally insufficient. 53 Am.Jur., Trial, § 138. Under some circumstances, however, where the immateriality is obvious, pronouncement of more specific grounds for objection is superfluous. 53 Am.Jur., Trial, § 139. That we deem to be the situation here. In addition, in view of the grossly prejudicial character of the testimony, indulgence in subtle refinements of procedure to defeat appellant's right to have his wife's claim for compensation tried on its merits is not justified.

Reversed and remanded.