Howard C. **FORD** and Lorraine H. Ford,
Appellants,

v.

**UNITED GAS CORPORATION,**
Appellee.

No. 16877.

United States Court of Appeals
Fifth Circuit.

May 7, 1958.

Rehearing Denied June 11, 1958.

Aaron L. Ford, Jackson, Miss., for appellants.

James McClure, Sr., Sardis, Miss., William H. Maynard, Clarksdale, Miss., McClure & McClure, Sardis, Miss., Maynard, FitzGerald & Maynard, Clarksdale, Miss., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

Asserting diversity jurisdiction and alleging that a fire had occurred in their store building as a result of defendant's negligent installation therein of a gas burning appliance, plaintiffs brought this suit to recover as damages, $59,808.32 and interest thereon.

The defendant, admitting diversity jurisdiction and that it made the contract for installation attached to the complaint, denied that it was negligent or in any way liable for the fire or the damages caused thereby.

The cause was set for trial on May 8, 1957, a day of the regular May term, and on May 6, alleging that named insurance

companies had paid plaintiffs $30,000, the full amount of insurance carried on their stock of merchandise under contracts subrogating them pro tanto to plaintiffs' claim for damages and that they were real parties at interest, defendant moved to make them parties. On May 8, the district judge, of the opinion that the motion should be allowed, entered an order that the named companies be made parties, and the cause proceeded to trial as scheduled on the pleadings of, and the issues joined between, plaintiffs and defendant.

The evidence all in and defendant's motion for a directed verdict, on the ground that the evidence was insufficient to take the case to the jury, denied, the cause was submitted to the jury on a general charge. At its conclusion, in response to the inquiry of the court whether plaintiffs had any objections, exceptions, or requests, their counsel stated, "We have no request for additional charges and no exceptions except to the part of the charges dealing with the recovery of interest".

Here upon a record devoid of timely objection or exception, except in the single instance of Mrs. Andrews' testimony, where the matter objected to could not possibly have resulted in prejudice, plaintiffs, under eight numbered specifications, present four grounds for reversal. One of these is the entry of the order making the insurance companies plaintiffs. A second is receiving Mrs. Andrews' testimony that she had issued a fire insurance policy in favor of plaintiffs. A third and fourth are that the charge of the judge was erroneous.

■ We think it quite clear that no reversible error is assigned or shown. A litigant may not, speculating on a ver-

dict without making objection, keep silent while matters are transpiring in the trial court and then put the trial judge in error by assigning error in the appellate court in respect of them, except, of course, in a case, which this is not, of plainly prejudicial error. In Maryland Casualty Co. v. Reid, 76 F.2d 30, 33, this court thus stated the principles controlling here:

"This court, as to law cases, is a court of error. We do not retry the case. We review the record made in it for reversible error, error by the judge, in conducting or failing to conduct the trial, which has, by permitting the case to get out of bounds, prejudiced the just result. * * * It is the duty of counsel by objection to call such threatened or actual departure to the judge's attention, and invoke his corrective action, and, if overruled, to make it appear that prejudice has resulted.

"Ordinarily, if his counsel fails to adequately object, or fails to except to adverse action on his objection, a litigant may not complain of what occurred as error, for he will be treated as having assented to it.

* * * Ordinarily, too, even this will not suffice where nothing appears except the mere notation and recording of objection and exception, no motion for a mistrial made, no further effort to secure a more binding instruction. * * * "[1]

The record will be searched in vain for any objection or exception of plaintiffs, stating their grounds therefor, to the orders or actions of the court in respect of the insurance companies. In addition, none of the matters of which appellants

[1.] Other cases stating and applying these principles are: Anderson v. Federal Cartridge Corp., 8 Cir., 156 F.2d 681; Ft. Worth & Denver R. Co. v. Harris, 5 Cir., 230 F.2d 680; Sinclair Refining Co. v. Howell, 5 Cir., 222 F.2d 637; Ft. Worth & Denver R. Co. v. Janski, 5 Cir., 223 F.2d 704; American Fidelity & Cas. Co. v. Drexler, 5 Cir., 220 F.2d 930;

Mills v. Texas Comp. Ins. Co., 5 Cir., 220 F.2d 942; Capella v. Zurich Gen. Acc. Lia. Co., 5 Cir., 194 F.2d 558; Western Fire Ins. Co. v. Word, 5 Cir., 131 F.2d 541; New York Life Ins. Co. v. Schlatter, 5 Cir., 203 F.2d 184; Ditter v. Yellow Cab Co., 7 Cir., 221 F.2d 894.

attempt to complain here constituted reversible error.

It will be noted that the specifications pertaining to the first ground of error, the order of the court bringing the insurance companies in as parties, complain of it (1) as depriving the court of jurisdiction and of authority to proceed further with the action, and (2) because appellants, under Sec. 1448, Miss. Code for 1942, possessed the sole right to prosecute the action.

 Of the first of these complaints, it is sufficient to say that the insurance companies were not indispensable parties and that whatever might have been the result on the jurisdiction if plaintiffs had colluded with defendants to bring them in, they did not do so. This being so, nothing which the defendant, the insurance companies as intervenors, or the court, did or could do, could or did divest the court of jurisdiction to try the plaintiffs' suit, firmly based as it was on the requisite diversity and amount.[2]

As to the second, that plaintiffs had the sole right to prosecute the suit, the record affirmatively shows that this right was not in any way interfered with. None of the insurance companies filed pleadings attacking plaintiffs' right and no one filed pleadings as to or for them. The record shows, too, that the only action which the insurance companies' counsel took was taken on the side of, and in aid of plaintiffs' cause and with plaintiffs' full consent and approval, and that the cause was submitted to the jury in the same way.

On the second ground of error, which complains of Mrs. Andrews' testimony, it is quite clear that the introduction of her testimony was not reversible error. This is so both because no reason or ground was stated in support of the objection and because no possible basis for a claim of prejudicial error could exist. The bare fact testified to by her, that plaintiffs had insurance, was already established by the action of the court making the insurance companies parties and the act of the companies in assisting plaintiffs to recover in the suit.

As to the third and fourth grounds of error, the claimed errors in the charge, plaintiffs are, because of their failure to object at the time opportunity was offered therefor, now foreclosed from asserting them.

The judgment is affirmed.

---

2. Wichita R. & Light Co. v. Public Utilities Comm., 260 U.S. 48, 43 S.Ct. 51, 67 L.Ed. 124; Salem Trust Co. v. Manufacturers' Finance Co., 264 U.S. 182, at page 189, 44 S.Ct. 266, at page 267, 68 L.Ed. 628; Virginia Elec. & Power Co. v. Carolina Peanut Co., 4 Cir., 186 F. 2d 816, 32 A.L.R.2d 234; Northeast Clackamas County Coop. v. Continental Cas. Co., 9 Cir., 221 F.2d 329; Williams v. Keyes, 5 Cir., 125 F.2d 208; Moore's Fed. Practice, 2 Ed., Vol. 4, p. 138; United States v. Aetna Cas. & Sur. Co., 338 U.S. 366, 70 S.Ct. 207, 94 L.Ed. 171.