**Manuel O. DeLaCRUZ, Appellant,**

v.

**The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Appellee.**

**No. 26062.**

United States Court of Appeals
Fifth Circuit.

Dec. 11, 1968.

Rehearing Denied Jan. 15, 1969.

Otto B. Mullinax, Mullinax, Wells, Mauzy, Levy & Richards, Dallas, Tex., for appellant.

Joe Bruce Cunningham, Hudson, Keltner, Smith & Cunningham, Fort Worth, Tex., for appellee.

Before ALDRICH*, GODBOLD and DYER, Circuit Judges.

ALDRICH, Circuit Judge:

This is an FELA action brought against the Atchison, Topeka and Santa Fe Railway Company by Manuel O. De-LaCruz for injuries sustained while working under a locomotive in a pit as a result of the locomotive's being struck by a section of cars that was being moved on a repair track. The trial resulted in a verdict for the plaintiff, reduced, however, by a special finding of 50% contributory negligence. On plaintiff's appeal the principal objections relate to rulings with respect to the adequacy of the evidence in certain particulars and to some of the special interrogatories.

The basic facts were these. The accident occurred at about 9:30 p. m. The plaintiff, a machinist in the employ of the defendant for 16 years, had arrived at the scene during the afternoon. A company rule required that equipment being worked on be marked at both ends with a blue flag by day and a blue light by night. In this instance no blue signal was shown, and although the locomotive was under a flood light, this did not disclose the presence of the plaintiff. On the track leading to the pit, number 1, and on several parallel repair tracks, cars were being worked on by carmen and moved about during the afternoon. Most of this operation was discontinued at 4:30. At 9:30 a section was being pushed at a slow rate of speed on track 1 in the direction of plaintiff's locomotive. The trainman on the boxcar at the front, seeing the locomotive, gave cautionary signals to the engineer and, eventually, a stop signal, but all were disregarded and the locomotive was struck. There is no dispute as to the finding of defendant's negligence;[1] all questions on this appeal relate to plaintiff's.

---

* Of the First Circuit, sitting by designation.

1. The jury, in answer to special questions, found defendant not negligent in failing to warn plaintiff of the moving cars, or of failing to provide a safe place to work, but did find negligence in the striking of the locomotive.

■ We consider first plaintiff's claim that any negligence on his part with regard to failure to mark the locomotive could not, as a matter of law, have contributed to the accident in the light of the fact that the trainman did give signals and the engineer ignored them. The record did not warrant such a ruling. The unintended and perhaps careless striking of other equipment is a matter of common occurrence in yard operations and may be attended by little or no consequences so far as property damage is concerned. There was adequate evidence from which the jury could have found that had it been realized that striking the locomotive in this case would involve danger to personnel more significant steps would have been taken.[2] Plaintiff would clearly have been entitled to an instruction, or to a jury special question, on this issue, but he asked for neither. He was not entitled to a directed finding in his favor.[3]

■ In connection with some of plaintiff's other contentions it is necessary to consider the record further. First, we quote the safety rule, which concededly was not complied with. The presently material portions read as follows.

"Mechanical Department employees will *comply with Operating Department Rule 26,* which reads: 'A blue signal, displayed at one or both ends of an engine, car or train, indicates that workmen are under or about it; when thus protected it must not be coupled to or moved. Each class of workmen will display the blue signals and the same workmen are alone authorized to remove them. Other equipment must not be placed on the same track so as to intercept the view of the blue signals, without first notifying the workmen.' * * *

## INSTRUCTION FOR LOCOMOTIVE, CAR AND OTHER MECHANICAL DEPARTMENT EMPLOYEES

A. The blue signal referred to in Operating Department Rule 26, requires a blue flag by day or a blue light by night. * * *

Except as provided in the last paragraph of operating. Department Rule 26, no carman, locomotive repairman or electrician will place himself in a hazardous position under or about an engine, car or train until it is known that blue signals have been properly displayed. * * * " [4]

■ Plaintiff's first evidentiary contention is that he did not have to comply with the blue light rule because his foreman had told him that a protective blue-marked derail was on the track, and the track foreman had been informed of his presence. It is true that plaintiff so testified. However, his pre-trial statement was inconsistent therewith. The jury

2. The trainman, at the front of the moving cars gave considerable self-contradictory testimony, but at one point he answered the following question in the affirmative. "[I]f there had been a blue light on the cars [*sic*—but the context and adjoining questions show clearly this meant "locomotive"] you would have started all of this much sooner, and in all likelihood, would have had it completed or you could have given some warning earlier, if the blue light that should have been on there, was on there. Is that correct? A. That is right, sir." On the record, had the signals been given sooner, i. e., before a certain ground man was passed, it is likely that they would have been more forcefully brought to the engineer's attention. Plaintiff, quite properly, does not assert the "last clear chance" doctrine.

Atlantic Coast Line R.R. Co. v. Anderson, 5 Cir., 1959, 267 F.2d 329, cert. denied 361 U.S. 841, 80 S.Ct. 83, 4 L.Ed. 2d 79.

3. Nor, of course, could plaintiff revive rights lost by failure to make timely objection, Ford v. United Gas Corp., 5 Cir., 1958, 254 F.2d 817, cert. denied 358 U.S. 824, 79 S.Ct. 40, 3 L.Ed.2d 64, by the device of moving for a new trial. Francis v. Southern Pac. Co., 1948, 333 U.S. 445, 68 S.Ct. 611, 92 L.Ed. 798; Hobart v. O'Brien, 1 Cir., 1957, 243 F. 2d 735.

4. Plaintiff makes an elaborate argument that the jury could not reasonably find that this rule applied to him personally. The short answer is that we do not agree.

was warranted in disbelieving his in-court testimony.[5]

Next, plaintiff said that a blue derail had been on the track during the afternoon, and he assumed it would remain. To this defendant replied that it was customary to remove derails at 4:30 when the carmen left, as plaintiff knew, and that plaintiff had seen the consequence of this even on the day in question. Plaintiff, in turn, admitted that after 4:30 he had seen cars being moved on the other tracks past where the derails had been, but said he saw none on No. 1. There was testimony, however, that cars had been so moved on track 1 at 5 o'clock.

Finally, plaintiff tells us, "there was no evidence that the blue signals were available." This is simply not so.

■ At the conclusion of the evidence, to substitute for an enigmatic general verdict, see Page v. St. Louis Southwestern Ry. Co., 5 Cir., 1965, 349 F.2d 820, 822, pellucidity, the district court submitted a number of special questions to the jury. At first blush we might agree with plaintiff that there were too many with respect to contributory negligence, and that some were, in effect though not in language, repetitious. However, on consideration we believe that any possible error was not only not prejudicial, but was due to the many forms of plaintiff's resistance to the defense of contributory negligence. We will discuss only the most questionable of these instructions.

3. "Do you find from a preponderance of the evidence that DeLaCruz was negligent in one or more or all of the following respects: * * * (f) In placing himself in a hazardous position under or about the engine in question. Answer 'yes' or 'no' ANSWER *Yes*"

While, standing alone, this question might look as if plaintiff were being charged with assumption of the risk—an interpretation that he did not claim, either in the district court or here—it will be seen by reference to the last-quoted paragraph from the blue signal rule, supra, that the form of this question was with specific reference thereto.

In sum, we find no error either with regard to the failure to direct a verdict of no contributory negligence, or with respect to the form of the special questions.

■ Plaintiff's other objections may be readily disposed of. There was no need for the court to put to the jury on the voir dire questions as to whether they would be impressed by certain types of damage testimony. It is to be assumed that jurors will follow at least all routine instructions as to how they should resolve issues. Such inquiry is not, as plaintiff contends, a legal concomitant of the right of peremptory challenge.

■ Rather, the district court, whose discretion is broad in this area, might well feel that this was but a subtle attempt on counsel's part to lay a foundation for his case.

■ Plaintiff's claim that the jury finding on damages itself reflected the 50% contributory negligence adjustment and that the court's subsequent reduction made a double reduction is contrary to the plain language of the instructions and the jury questions themselves.

■ Finally, although the plaintiff's gross recovery was perhaps incommensurate with plaintiff's damage testimony, whether or not there should be a new trial was a matter within the discretion of the district court. We find no abuse.

---

5. It may also be said that if it was appropriate, as we believe it was, for the jury to find defendant negligent in not apprehending the possibility of a person being on the locomotive even though the blue signal was not shown, it could find plaintiff negligent in relying upon the word of another employee to relieve him of his duty to protect himself, particularly when this duty could have been easily and effectively complied with.

Plaintiff's damage evidence was substantially disputed.

Affirmed.

## ON PETITION FOR REHEARING

Before ALDRICH*, GODBOLD and DYER, Circuit Judges.

ALDRICH, Circuit Judge:

Plaintiff appellant's petition for rehearing, concluding that our opinion may be "accurately characterized" in the language of the court in Page v. St. Louis SW. Ry., 5 Cir., 1965, 349 F.2d 820, 827, as "confusion and a proliferation of metaphysical terms scarcely understandable to the most astute scholar," essentially repeats the arguments made in his original brief, which is not the intended function of such a petition. However, one argument we possibly dealt with insufficiently, as plaintiff has replied with an unjustifiable, but perhaps superficially plausible contention.

According to plaintiff's testimony he was told by his foreman that the track was marked with a blue derail and that it would be safe for him to work under the locomotive even though it, itself, did not bear a blue signal. In his original brief plaintiff first inquired how he could be negligent "when he relies upon the representation of his foreman that he is working under safe conditions * * * ?" Later, immediately prior to the claim, which the record totally refutes, that "there was no evidence that the blue signals were available," plaintiff amplified this by stating, "Surely neither the railroad, or the law, or this Court, would expect the crewmen to challenge the work [sic] of their boss. If one did he would not long be a crewman or employee!" In response, we referred to the testimony that his "foreman had told him that a protective blue-marked derail was on the track," but stated that so far as protecting him from contributory negligence was concerned, the foreman was merely another employee whose affirmation could be accepted, but did not necessarily free him from negligence as a matter of law.

In his petition for rehearing plaintiff says he was not merely relying upon the foreman's word, but was following instructions, so that his case is on "all fours" with the case of Paluch v. Erie, L. RR., 3 Cir., 1968, 387 F.2d 996. It is not. In *Paluch* the employee was ordered by his foreman to climb a pole. The employee had no reason to know that the pole was unsafe, which, in fact, it was. In the case at bar plaintiff was not ordered to work under the locomotive without a blue signal light; he was merely told that he could. He knew that the rule imposed a personal duty upon him to place a blue signal on the locomotive, although it offered the alternative of a blue derail elsewhere on the track. It must be obvious, however, particularly when plaintiff was going to be there a number of hours, that marking the engine was safer than a derail down the track, admittedly out of sight, and subject to later removal without plaintiff's knowledge.

As we pointed out, the possibility of someone's error, even the plaintiff's, warranted the jury in finding the railroad negligent in spite of the absence of a blue signal on the locomotive. By the same token, the jury could have found that the plaintiff should have anticipated a mistake, particularly when it would have been so easy to have protected himself. If plaintiff had been ordered by the foreman not to place a signal on the locomotive, that would have been another matter. The record required no such finding.

The jury concluded that both parties were equally negligent. We believe this was not only justifiable, but entirely reasonable. The petition for rehearing is denied.

---

* Of the First Circuit, sitting by designation.